**TEVE HOLDINGS LIMITED,**
Appellant,

v.

**Ocie JACKSON and Jerry Dowdy, Appellees.**

**No. 01–87–01066–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 29, 1988.

William T. Little, Gilpin, Paxson, & Bersch, Houston, for appellant.

Michael J. Mazzone, Dow, Cogburn & Friedman, Houston, for appellees.

Before JACK SMITH, DUGGAN and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a summary judgment granting title to a condominium to appellees, voiding a purported conveyance of the property to appellant, and denying appellant's counter motion for summary judgment.

In a prior lawsuit for fraud, violations of the Deceptive Trade Practices Act ("DTPA"), and a request for imposition of a constructive trust on certain specifically described real property, the court found that appellees were entitled to a constructive trust against International Equipment and Financial Services, Inc. ("International"). Appellees were awarded damages, and a constructive trust was imposed on a condominium purchased with the "fruits" of the fraud by one of the defendants, International. The judgment, entered on October 13, 1986, against the other defendants, was based on a jury trial, but the judgment against International was a default judgment. The court's judgment also ordered the property sold, with the proceeds to go to appellees in proportion to their designated ownership. Pending trial of the underlying suit, a notice of lis pendens was filed October 10, 1985, on the condominium by appellees, acting through appellee's corporation, Affiliated Commercial Services, Inc.

Appellant's claim to the property was based on a conveyance to it by International on January 7, 1987, subject to a three-year lease to Dr. Hollister, entered on October 28, 1986. Both the conveyance to appellant and the lease were executed after entry of the final judgment in the underlying cause of action (cause no. 84–23843). On January 12, 1987, International perfected appeal of the default judgment in the underlying lawsuit to the 14th Court of Appeals.[1] No supersedeas bond was filed by International. On March 23, 1987, pursuant to the court order, the property was sold and purchased by appellees.

Below is listed a chronology of the subsequent lawsuits and motions filed:

April 7, 1987—Appellees filed suit against appellant in the 295th court to establish title to the property (cause no. 87–16014).

April 15, 1987—Dr. Hollister filed suit against appellees and appellant in the 333rd court to validate his lease (cause no. 87–17382).

May 26, 1987—Appellees filed a partial motion for summary judgment against appellant in cause no. 87–16014; and appellant filed a motion for stay in the 295th, pending appeal by International of the underlying suit, cause no. 84–23843.

---

1. The 14th Court of Appeals has affirmed, in pertinent part, the default judgment entered against International, subsequent to oral argument in the instant case. *St. Gelais v. Jackson,* (Tex.App.—Houston [14th Dist.], Nov. 17, 1988, n.w.h.) (not yet reported).

June 26, 1987—Appellant filed a motion for consolidation of cause nos. 87–16014 and 87–17382 and an amended motion for stay of these causes of action in the 295th pending appeal of the default judgment by International in the underlying suit (no. 84–23843).

July 1, 1987—Appellant filed a combined response to appellee's motion for summary judgment and a counter motion for summary judgment in cause no. 87–16014 alleging that the notice of lis pendens is void because it was not filed in compliance with the provisions of the Tex.Prop.Code sec. 12.007 (Vernon 1985).

July 13, 1987—Appellees filed their response to appellant's motion for summary judgment, a reply to appellant's response, and their first amended original petition.

July 13, 1987—A hearing was held on both motions for summary judgment.

On appeal, appellant challenges the court's denial of his motion for consolidation and for stay, the court's consideration of pleadings untimely filed, and the court's granting of appellee's motion for summary judgment.

Appellant's fourth point of error challenges the court's granting of appellees' motion for summary judgment, arguing the lis pendens was void because it was not in compliance with Tex.Prop.Code Ann. § 12.007 (Vernon 1984).

A summary judgment is proper only when movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); Tex.R.Civ.P. 166a. In a summary judgment proceeding, the burden of proof is on the movant, and all doubts as to the existence of a genuine issue of fact are resolved against it. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982) (per curiam).

Both parties agree that there are no genuine issues of material fact in this case as to any issues. The question whether the purported conveyance of the property by International is valid is a question of law.

Appellees contend that the lis pendens filed on the property prior to judgment is valid notice to appellant. The applicable section of the Property Code provides:

(a) After the plaintiff's statement in an eminent domain proceeding is filed or during the pendency of an action involving *title* to real property, the establishment of *an interest in real property*, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

Tex.Prop.Code Ann. sec. 12.007(a) (Vernon 1984) (emphasis added).

■ To determine the validity of a lis pendens on appeal, this Court must look to appellees' pleadings to determine whether the suit sought to establish an interest in the real property involved, entitling the plaintiff to file a lis pendens. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 313, 276 S.W.2d 774, 775 (1955); *Hughes v. Houston Northwest Medical Center*, 647 S.W.2d 5 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd). The pleadings in the underlying suit alleged fraud and deceptive business practices that induced plaintiffs to purchase and lease certain drilling rigs. Paragraph XXII of appellee's Third Amended Original Petition is as follows:

Plaintiffs would show that St. Gelais controls International and operates it as his alter ego. Plaintiffs would further show that St. Gelais acquired certain real property in Harris County, Texas in the name of International and that such real property was acquired with the fruits of St. Gelais' fraud upon Defendants. Accordingly, so as to prevent unjust enrichment and to prevent St. Gelais from profiting from his fraud, *a constructive trust should be imposed* upon the real property held in the name of International, for

the benefit of Plaintiffs and to the extent of Plaintiffs [sic] damages, which real property is described on Exhibit "B" hereto. [Exhibit "B" is a complete legal description of the property involved herein.] [Emphasis added.]

Further, the prayer in the underlying suit requests the following:

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and that, after final hearing hereof, Plaintiffs have and recover judgment:

. . .

7. Imposing a constructive trust for the benefit of Plaintiffs on that certain real property owned by defendant International Equipment & Financial Services, Ltd. in Harris County Texas, which is described on Exhibit "B" hereto;

The body and prayer of the pleadings in the underlying suit include a request that a constructive trust be imposed on the condominium.

A constructive trust is an equitable remedy used to prevent unjust enrichment. The person who holds title to the property has an equitable duty to convey that title to another, on the ground that acquisition and retention of the property is wrongful and that he would be unjustly enriched if he retained the property. *Talley v. Howsley*, 142 Tex. 81, 86, 176 S.W.2d 158, 160 (1943). Further, fraud, either actual or constructive, is an essential element of a constructive trust. *Id.* In *Fitz–Gerald v. Hull*, 150 Tex. 39, 51, 237 S.W.2d 256, 262–63 (1951), the court discussed when a constructive trust was an appropriate remedy and the type of interest in property a constructive trust creates.

In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentation, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, *equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same*, although he may never perhaps have any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust.

*Id.*, 237 S.W.2d at 263.

Here plaintiffs specifically pled that the property was purchased by defendants with the money that the defendants received as a result of fraud and deceptive trade practices. Appellant filed a general denial to appellees' pleadings and does not argue, nor does the summary judgment evidence show, that it purchased the property in good faith and without notice. It is the appellant's burden to assert this special status if it is to recover under this theory. *Raposa v. Johnson*, 693 S.W.2d 43, 46 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).

Appellant relies on *Moss v. Tennant*, 722 S.W.2d 762 (Tex.App.—Houston [14th Dist.] 1986, no writ), for the proposition that a lis pendens is inappropriate when the property in question is only collateral to the underlying suit. *Moss* can be distinguished from this case. Although a constructive trust was pled in both cases, the court in *Moss* interpreted the request for a constructive trust as essentially a prayer for a judgment lien, and not as an attempt to take title or acquire an interest in the property. *Id.* at 763.

In the underlying case, the pleadings not only sought a constructive trust but also plaintiffs prayed that they be awarded an interest in specifically described property, to prevent the unjust enrichment of the defendant. Further, we note that a lis pendens continues, when the judgment directs the sale of property, until the sale has been completed. *Hartel v.*

*Dishman,* 135 Tex. 600, 608, 145 S.W.2d 865, 869 (1940). Appellant purchased the property with notice of the lawsuit through the lis pendens, and although a litigant contesting an interest in real property may freely convey to third parties, if that litigant loses the lawsuit, the third party grantee is left only with claims for damages he may have against his grantor. *Group Purchases, Inc. v. Lance Investments,* 685 S.W.2d 729, 731 (Tex.App.— Dallas 1985, writ ref'd n.r.e.). Under the lis pendens doctrine, one acquiring property involved in a law suit takes the interest subject to the final determination of the parties' rights by the court. *Texas Water Rights Comm'n v. Crow Iron Works,* 582 S.W.2d 768, 771 (Tex.1979). The court that has acquired jurisdiction of a cause of action is entitled to proceed to the final exercise of that jurisdiction without interference of anyone with the subject matter or res before the court. *Id.* We hold that in this case the lis pendens was proper, and valid notice was had by the appellant.

Appellant's fourth point of error is overruled.

■ In its first point of error, appellant argues that the trial court erred in refusing to consolidate this lawsuit, cause no. 87–16014, with cause no. 87–17382 filed by the lessee, Dr. Hollister, to determine the validity of his lease and to interplead the proper recipient of his rental payments. The trial court has broad discretion to determine whether to consolidate causes of action. *Gowan v. Reimers,* 220 S.W.2d 331, 335 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n.r.e.). In the present case, the third party, Dr. Hollister, who had obtained a lease from appellant on the premises involved in this suit, opposed consolidation. The two lawsuits concerned the same property but involved different matters, and the trial court, in its discretion, declined to consolidate Dr. Hollister's suit with this suit. We hold that the trial court did not abuse its discretion in not granting the consolidation.

Appellant's first point of error is overruled.

■ In its second point of error, appellant argues that the trial court erred in refusing to grant its motion for stay pending the outcome of appellant's appeal of the underlying suit. Absent the filing of a supersedeas bond, the judgment of the trial court may be executed 30 days after the final judgment is signed, pending appeal. Tex.R.Civ.P. 627; Tex.R.App.P. 47(c) and (d). In the underlying case, no supersedeas bond was filed, the time limit had expired, and appellees were entitled to seek execution. *Brousseau v. Harless,* 697 S.W.2d 56, 59 (Tex.Civ.App.—Dallas 1985, no writ). If the underlying suit is reversed on appeal, appellant's remedy is to recover from the appellees the market value of the property seized and executed. Tex.Civ.Prac. & Rem.Code Ann. sec. 34.022 (Vernon 1986). The trial court did not err in overruling appellant's motion for stay.

Appellant's second point of error is overruled.

■ In its third point of error, appellant complains of the untimely filing of appellee's pleadings relating to the parties' motions and counter-motions for summary judgment. The record indicates that the court heard appellees' motion for summary judgment and appellant's counter motion for summary judgment at the same time. Both parties agree that the same issue is involved in each motion for summary judgment and that the issue is a question of law. Appellant's counter-motion was filed 11 days before the hearing on the summary judgments.

Although the appellant's counter-motion for summary judgment was not filed within the 21–day notice requirement, the appellees agreed to waive this notice if the trial court would consider the late filing of their response to counter-motion. *See Lofthus v. State,* 572 S.W.2d 799 (Tex.Civ.App.— Amarillo 1978, writ ref'd n.r.e.) (21–day notice requirement of motion for summary judgment may be waived). Tex.R.Civ.P. 166a(c) provides that untimely filings of responses or motions may be granted on "leave of court." The record must reflect

an affirmative indication that the trial court does allow a late filing of a response to a motion for summary judgment. *Eckman v. Centennial Sav. Bank,* 757 S.W.2d 392 (Tex.App.—Dallas 1988, n.w.h.); *M & M Const. Co. v. Great American Ins. Co.,* 749 S.W.2d 526 (Tex.App.—Corpus Christi 1988, no writ).

The record in this case, as specifically recited in the final judgment, indicates that the trial court admitted the late-filed counter-motion and the response thereto. We find that the trial court did not abuse its discretion in considering the untimely response in light of the fact that appellant was allowed to file a counter-motion for summary judgment that did not comply with the 21–day notice requirement of rule 166a(c).

Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.