**FIRST NATIONAL PETROLEUM CORPORATION and Neftegas International Company, Relators,**

v.

**The Honorable Russell T. LLOYD, Judge of the 334th District Court, Harris County, Texas, Respondent.**

No. 01–95–00631–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 28, 1995.

Rehearing Overruled Aug. 28, 1995.

---

B. Edward Williamson, Michael J. Mazzone, Derek J. Lisk, Houston, for relators.

Russell T. Lloyd, H. Tom Shipp, Raymond M. Hill, Arne M. Ray, Daryl W. Bailey, Houston, for respondent.

Before MIRABAL, HEDGES and HUTSON–DUNN, JJ.

### MAJORITY OPINION ON MOTION FOR REHEARING

HUTSON–DUNN, Justice.

We overrule the motion for rehearing made by real parties in interest, Yuri Livch-

its, Nefteredit Limited and Neftegas Group, Ltd., but withdraw our previous opinion and substitute the following in its place. This proceeding presents the question of whether we should issue a writ of mandamus against the respondent, the Honorable Russell T. Lloyd, Judge of the 334th District Court of Harris County, Texas, to vacate his orders of May 9, 1995, and May 26, 1995. The May 9, 1995, order directed First National Petroleum Corporation (FNPC) (a plaintiff below) to release its lis pendens against Lot 3 of Piney Point Estates (Lot 3). The May 26, 1995, order found FNPC in contempt for not delivering an unconditional release of lis pendens on Lot 3 to the defendants in the underlying suit.

In the underlying suit, in its second amended original petition, FNPC alleged that Livchits, Kusnir, Brodsky, Neftecredit Limited, and Neftegas Group Limited (defendants) fraudulently entered into contracts with third parties in FNPC's name and diverted money from loans that FNPC had guaranteed, all to FNPC's damage. FNPC alleged that defendants used the fraudulently obtained funds to purchase the real property in question. FNPC alleged that a constructive trust should be imposed on such properties and filed notices of lis pendens against them.

The defendants brought a motion to cancel the notice of lis pendens on Lot 11. On December 22, 1994, the court granted the motion. FNPC, asserting that it had pled an interest in the property sufficient to satisfy the lis pendens statute, petitioned this Court for writ of mandamus to direct the court to vacate its December 22, 1994, order. After examining FNPC's petition and determining it alleged that a constructive trust should be imposed on the property and that it prayed for title to that property to be placed in FNPC, we conditionally granted the writ of mandamus on the authority of *Teve Holdings, Ltd. v. Jackson,* 763 S.W.2d 905, 908–09 (Tex.App.—Houston [1st Dist.] 1988, no writ) (where plaintiff's pleadings sought a constructive trust for a piece of property and prayed that the plaintiff be granted an interest in that property, plaintiff's notice of lis pendens against the property was valid).

Pursuant to our opinion, the court vacated its December 22, 1994, order. On February 16, 1995, defendants filed their second motion to cancel lis pendens on Lot 11. On February 24, 1995, the court held a partial evidentiary hearing on defendants' motion, but adjourned the hearing with instructions that it would reconvene in the future.

On March 29, 1995, FNPC filed its fourth amended original petition and Neftegas International Company (NIC) filed its original petition in intervention (collectively "the fourth amended petition"). In it, NIC alleged that Livchits obtained Lot 3 by falsely promising that he would act as NIC's agent relative to business opportunities in eastern Europe, that the promise was false and made with the intent not to perform, that Livchits intended NIC to rely on the promise, that NIC did rely on the promise in arranging financing and the transfer of Lot 3 to Livchits, that NIC has been deprived of the property, and Livchits has been unjustly enriched by being allowed to retain Lot 3. Therefore, NIC, with reference to Lot 3, pled for a constructive trust, a purchase money resulting trust, and rescission of its agreement to arrange for the purchase and transfer of Lot 3 to Livchits with restitution of Lot 3 to NIC.

On March 30, 1995, FNPC and NIC filed a new notice of lis pendens that included information about the constructive trust, resulting trust, and restitution of the property that they sought in the fourth amended petition. The notice covered Lot 3.

On April 10, 1995, the court reconvened the evidentiary hearing. On May 9, 1995, the court issued its order, refusing to lift the lis pendens on certain other lots, but ordering a release of lis pendens as to Lot 3.

In their petition for writ of mandamus, FNPC and NIC assert they are entitled to mandamus relief concerning the court's order to release their lis pendens on Lot 3 because their pleadings bring them under section Tex.Prop.Code Ann. § 12.007(a) (Vernon 1984).

Mandamus has been recognized as the appropriate remedy when issues have arisen concerning the issuance of notices of lis pendens. *See, e.g., Moss v. Tennant,* 722 S.W.2d

762, 763 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding); *see also Prappas v. Meyerland Com. Imp. Ass'n.*, 795 S.W.2d 794, 796 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

Section 12.007 of the Texas Property Code provides in pertinent part:

[D]uring the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where the property is located a notice that the action is pending.

TEX.PROP.CODE ANN. § 12.007(a) (Vernon 1984).

We examine the petition to determine whether the action is one coming within the provisions of the lis pendens statute. *Hughes v. Houston Northwest Medical Ctr.*, 647 S.W.2d 5, 6 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd w.o.j.). In *Teve Holdings Ltd. v. Jackson*, 763 S.W.2d 905, 908–09 (Tex.App.—Houston [1st Dist.] 1988, no writ), we held that where a plaintiff's pleadings sought a constructive trust for a piece of property and prayed that the plaintiff be granted an interest in that property, plaintiff's notice of lis pendens against that property was valid. The fourth amended petition alleged that a constructive trust in favor of FNPC and NIC should be imposed on the property covered by the notice of lis pendens and asked that title of the property be put in FNPC and NIC. Accordingly, on the authority of *Teve Holdings Ltd.*, we hold the trial court abused its discretion in ordering the release of notice of lis pendens against Lot 3 on May 29, 1995, and issuing its contempt order of May 26.

This case is distinguishable from the original mandamus proceeding of *Flores v. Haberman*, 38 Tex.Sup.Ct.J. 1166, —— S.W.2d —— (August 1, 1995) (motion for reh'g pending). In *Flores*, the plaintiffs in the underlying case brought suit for conversion, alleging that Flores converted the property and used the proceeds to buy certain other properties. *Id.* They sought an imposition of a constructive trust on the purchased property and filed notices of lis pendens on them. *Id.* The supreme court held that the plaintiffs sought a constructive trust only to satisfy a judgment they might obtain against the defendant. *Id.* "As such, the interest is no more than a collateral interest in the property." *Id.* (emphasis added).

In contrast, FNPC and NIC seek to obtain Lot 3 itself, as the product of unjust enrichment to the defendants. They have asked for the imposition of a resulting trust on Lot 3 or rescission of the parties' agreement and restitution of Lot 3. The difference between this case and *Flores* is that here plaintiffs seek the *property itself*, not just proceeds.

We are confident respondent will vacate his orders of May 9, 1995, and May 26, 1995. The writ of mandamus will issue only in the event he refuses to do so.

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting.

I dissent. In granting mandamus relief, the majority has looked only at the face of the pleadings, totally ignoring the evidence adduced at two hearings conducted by the trial judge.

After hearing the evidence, the trial judge concluded that relator was entitled to maintain the lis pendens as to six properties; however, as to one property, a residential home, the trial judge concluded the lis pendens should be released. This mandamus involves that one property only.

In their "Emergency Motion to Cancel Lis Pendens and Request for Sanctions," the real parties in interest alleged:

Plaintiff by these claims tries to link the properties owned by defendants to this action. Defendants submit that these allegations are without a factual or legal basis and have been filed purely to harass defendants. This type of bad faith pleading would support sanctions under Rule 13, as well as sanctions provided by Rule 215(2)(b) as provided by the Texas Rules of Civil Procedure.

The trial judge heard evidence on this motion, and concluded it had merit as to one out of seven properties. In my opinion, the trial

judge acted within his authority when he refused to look *only at the plaintiff's pleadings* to determine whether the filing of lis pendens was appropriate as to all seven properties. The trial judge *heard evidence* to determine whether plaintiff's allegations as to any of the real properties were groundless.

Before we decide to conditionally issue a writ of mandamus directed to the trial judge, I believe we should review the evidence he heard and determine whether he abused his discretion when he concluded plaintiff's allegations, which on their face may authorize a lis pendens against the subject home, were actually groundless as to that specific home because the underlying bases for plaintiff's claims do not support such a lis pendens. Further, a review of the evidence may aid in determining whether, in fact, this case is governed by the recent holding of the supreme court in *Flores v. Haberman*, 38 Tex. Sup.Ct.J. 1166, —— S.W.2d —— [1995 WL 453272] (August 1, 1995) (motion for rehearing pending).

Because the majority declines such a review, I dissent.