Memorandum opinion issued January 30, 2003








In The

Court of Appeals

For The

First District of Texas






NO. 01-02-01247-CV






IN RE THOMAS J. WATTS SR., SUSAN K. WATTS, AND TJW SR/SKW
INVESTMENTS, LTD., Relators






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION


 By petition for writ of mandamus, relators, Thomas J. Watts, Sr., Susan K.
Watts, and TJW SR/SKW Investments, Ltd., challenge the trial court's (1) November
21, 2002 order canceling relators' lis pendens notice on certain real property owned 

by real party in interest, Tri-Star Global, LLC ("Tri-Star").

 We deny the petition for writ of mandamus.

 In their underlying lawsuit against Harris Dempsey "Butch" Ballow
("Ballow"), Growth Securities, Inc. a/k/a Growth Stocks, Inc. ("Growth"), and
Abundant Life Christian Center of La Marque, Inc., relators allege that they were
defrauded of approximately $1.1 million by Ballow in a series of securities
transactions. 

 Relators filed a notice of lis pendens and sought the imposition of a
constructive trust on certain real property titled in the name of Tri-Star but used by
Ballow as his residence. Relators claimed that they were entitled to a constructive
trust because $350,000 of the money fraudulently obtained by Ballow was allegedly
deposited with Growth by Ballow, then transferred to G&B Investments, Inc.
("G&B"), and then used to construct improvements on the property owned by Tri-Star. Relators alleged that Growth and G&B were sham entities and/or alter egos of
Ballow, and that Tri-Star was owned and controlled by Ballow.

 A party may file a lis pendens during the pendency of an action involving: (1)
title to real property; (2) the establishment of an interest in real property; or (3) the
enforcement of an encumbrance against real property. Tex. Prop. Code Ann. §
12.007(a) (Vernon 1984). The Texas Supreme Court has held that a notice of lis
pendens is improper where a plaintiff is seeking a constructive trust in real property
only to satisfy a judgment against a defendant. Flores v. Haberman, 915 S.W.2d 477,
478 (Tex. 1995). The Court noted: 

 In the present case, the plaintiffs seek a constructive trust in the
purchased properties only to satisfy the judgment they seek against [the
defendant]. As such, the interest is no more than a collateral interest in
the property. Moss v. Tennant, 722 S.W.2d 762, 763 (Tex.
App.--Houston [14th Dist.] 1986, orig. proceeding). Therefore the
notices of lis pendens are improper.


Id.

 Like the plaintiffs in Flores, relators seek a constructive trust in the property
owned by Tri-Star only to satisfy the judgment they seek against Ballow. Such an
interest is no more than a collateral interest in the property, and therefore the notice
of lis pendens was improperly filed. See id.

 Relators' reliance on First National Petroleum Corp. v. Lloyd, 908 S.W.2d 23
(Tex. App.--Houston [1st Dist.] 1995, orig. proceeding) is misplaced. In Lloyd, the
plaintiffs sought rescission of their agreement to arrange for the purchase and transfer
of real property to the defendant with restitution of the real property to plaintiffs. Id.
at 25. The plaintiffs in Lloyd actually sought to recover the property itself. Id.


 We vacate our order of November 27, 2002, temporarily staying the trial
court's "Order for Clarification of Lis Pendens" signed November 21, 2002 in the
underlying proceeding, and deny the petition for writ of mandamus.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.









 
1. The Honorable S. Grant Dorfman, judge of the 129th District Court of Harris
County. The underlying proceeding is trial court cause number 2001-46035;
styled J.D. Sandefer II and Stephen Smith v. Abundant Life Christian Center
of La Marque, Inc.