In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-114 CV


____________________



IN RE MICHAEL FITZMAURICE, 1488 LAND DEVELOPMENT, INC.,


LIVE OAK LAND DEVELOPMENT, LTD., L.O. DEVELOPMENT, INC.,


DOROTHY FITZMAURICE, SHERRY FITZMAURICE, 


B.J. FARLEY, AND L. DON KNIGHT







Original Proceeding






OPINION


 In this original proceeding, we determine whether the trial court abused its
discretion in denying relators' motion to cancel a lis pendens. Relators argue the real
parties in interest failed to establish an adequate nexus between their claims and the
property in question. The real parties in interest contend that their suit seeks to impose a
constructive trust on the subject property or to obtain specific performance of a promise
to construct community infrastructure and amenities, and therefore is a suit for the
establishment of an interest in real property for which lis pendens is statutorily authorized.

 A party may file a lis pendens during the pendency of an action involving title to
real property, the establishment of an interest in real property, or the enforcement of an
encumbrance against real property. Tex. Prop. Code Ann. § 12.007 (Vernon 2004). 
Section 12.007 provides a mechanism through which litigants give constructive notice to
all those taking title to the property that the claimant is litigating a claim against the
property. Id.; Tex. Prop. Code Ann. § 13.004 (Vernon 2004). The use of lis pendens
has been disapproved where only collateral questions are involved which might ultimately
affect the interest of the parties to property. Garza v. Pope, 949 S.W.2d 7, 8 (Tex. App.--San Antonio 1997, orig. proceeding). Mandamus is appropriate when the trial court has
refused to cancel an improper lis pendens. Id. 

 The underlying litigation involves tort and contract claims filed by twenty-four
purchasers of property in a residential subdivision called Thousand Oaks. Relators,
Michael Fitzmaurice, 1488 Land Development, Inc., Live Oak Land Development, Ltd.,
L.O. Development, Inc., Dorothy Fitzmaurice, Sherry Fitzmaurice, B.J. Farley, and L.
Don Knight, are defendants in the action. The petition alleges that Michael Fitzmaurice
controls 1488 Land Development, Inc., Live Oak Land Development, Ltd., and L.O.
Development, Inc., that he operates them as a unitary corporate arrangement, and that they
are alter egos. 1488 Land Development, Inc., is the developer of Thousand Oaks. Live
Oak Land Development, Ltd., bought the approximately 700 acre site in 1997, and now
owns property adjacent to the subdivision. Michael Fitzmaurice is the President and
Director of the Thousand Oaks Property Owners Association ("TOPOA"). Dorothy
Fitzmaurice, Sherry Fitzmaurice, B.J. Farley, and L. Don Knight are also directors of the
property owners' association. The TOPOA is a defendant, but it is not named in the lis
pendens and is not one of the relators. On August 8, 2003, one of the plaintiffs, Robert
English, filed a notice of lis pendens that the action filed "seeks to enforce contractual
obligations which constitute a charge or encumbrance against . . . [a]ll land owned" by the
relators within an attached metes and bounds description covering over 700 acres. 

 Arguing that the suit does not involve a dispute over the ownership of the property
described in the lis pendens, relators filed a motion to cancel the lis pendens. The
plaintiffs' petition alleges Michael Fitzmaurice and 1488 Land Development, Inc., are
responsible for or made representations regarding the construction of amenities, including
lakes, a recreational park, and retention ponds. In addition to monetary damages, the
petition seeks an imposition of a constructive trust over the remaining property of Michael
Fitzmaurice and 1488 Land Development, Inc. "in order to prevent unjust enrichment of
the Defendants and require the Defendants to deliver properties to the Plaintiffs as
represented so that the Plaintiffs would own, maintain and operate such properties for the
benefit of the homeowners in Thousand Oaks as was initially and continually represented
by the Defendants." 

 In support of the lis pendens, the real parties in interest presented two arguments
to the trial court. First, they argued that their litigation seeks to establish an interest in the
property through the imposition of a constructive trust. Second, they argued that the
relators improperly amended the Declaration of Covenants, Conditions and Restrictions
of the subdivision to permit the relators to perpetually maintain control over the TOPOA.
They claimed that after suit commenced, 1488 Land Development, Inc., borrowed over
one million dollars from OmniBank, N.A., that the collateral for the loan consisted of the
only two lots in the subdivision owned by the TOPOA, and that Michael Fitzmaurice, in
his capacity as president of TOPOA, pledged TOPOA as guarantor for the entire amount
of the loan and obligated the TOPOA to maintain and insure the property serving as
collateral for a loan, whether owned or not by the TOPOA. They argued the relators'
misuse of the association's power, and the commingling of its finances with those of the
relators, gave the real parties in interest a claim to a direct interest in the property for
purposes of the lis pendens. On February 26, 2004, the trial court denied the relators'
motion to cancel the lis pendens. 

 Relators rely upon In re Wolf, 65 S.W.3d 804, 806 (Tex. App.--Beaumont 2002,
orig. proceeding, [mand. denied]), in which we held that the real party in interest failed
to establish a nexus between the litigation and the subject property. In Wolf, the real party
in interest pleaded for imposition of a constructive trust to prevent unjust enrichment, or
alternatively, that it should be granted title to lots described in the lis pendens. Although the
real party in interest facially asserted a claim for title, it did not plead grounds for obtaining
the property other than as satisfaction for conversion of the intangibles in which it held a
security interest. Id. We relied on the precedent established in Olbrich v. Touchy, 780
S.W.2d 6, 7 (Tex. App.--Houston [14th Dist.] 1989, orig. proceeding), in which the court
held that adjoining landowners could not maintain a lis pendens on property allegedly being
illegally subdivided. The court held that the aggrieved landowners could have sought an
injunction, but could not bind with lis pendens property on which they had no standing to
enforce the restrictions. Id. at 8. Similarly, Flores v. Haberman, 915 S.W.2d 477, 478 (Tex.
1995), held that a lis pendens could not be maintained in a conversion suit where the real
party in interest sought to impose a constructive trust upon property purchased with the
proceeds from the sale of the converted property. The Supreme Court reasoned that the
constructive trust in the purchased properties served only to satisfy the judgment sought
against the relator. Id. Such an interest, the Court held, "is no more than a collateral interest
in the property." Id. 

 The precedents relied upon by the real parties in interest are First National Petroleum
Corp. v. Lloyd, 908 S.W.2d 23, 25 (Tex. App.--Houston [1st Dist.] 1995, orig. proceeding),
and Teve Holdings Ltd. v. Jackson, 763 S.W.2d 905, 908-09 (Tex. App.--Houston [1st Dist.]
1988, no writ). The court deciding First National distinguished Flores v. Haberman on the
grounds that First National sought to impose a resulting trust directly on the property alleged
to have been obtained through fraud on the relator. First National Petroleum Corp., 908
S.W.2d at 25. Thus, the lis pendens concerned a direct claim rather than a collateral claim
on the subject property. Id. Teve Holdings held that the lis pendens was valid because the
plaintiff sought both imposition of a constructive trust on the specific property listed in the
notice and title to that property. Teve Holdings Ltd., 763 S.W.2d at 908-09. Teve Holdings
was a regular appeal from a judgment that voided a prior conveyance of the subject property
to the appellant. Id. at 906. The court held that the lis pendens was valid because the
appellees who filed the notice were suing for an interest in the specifically named property. 
Id. at 908-09. 

 Those cases in which lis pendens has been disallowed are those in which the subject
property is collateral to the litigation. This is the case here. The pleading of the real parties
in interest did not identify any specific property, by lot and block within the Thousand Oaks
subdivision, where they allege the represented amenities were to be built, yet the lis pendens
encompasses all the unsold lots within the subdivision, plus adjacent property outside the
subdivision. No adequate nexus presently exists between the claims of the real parties in
interest and the property affected. Consequently, the trial judge should have granted
relator's motion to cancel the lis pendens. We are confident the trial judge will now do
so and the writ will issue only if she does not. The petition for mandamus is conditionally
granted.

 WRIT CONDITIONALLY GRANTED.



 _________________________________

 DON BURGESS

 Justice


Submitted on April 14, 2004

Opinion Delivered July 29, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION



 I respectfully dissent. As the majority notes, those cases in which lis pendens has
been disallowed are those in which the subject property is collateral to the litigation. In
this case, the lis pendens serves notice of the litigation on potential purchasers of property
within the Thousand Oaks subdivision that is owned by Michael Fitzmaurice or any of his
alleged alter egos, including 1488 Land Development, Inc., and the other directors of the
TOPOA who are alleged to have breached their fiduciary duty by diverting the
association's funds to the defendants. The interest asserted in the pleadings is the
plaintiffs' right to "own, maintain and operate" the subject property "for the benefit of the
homeowners in Thousand Oaks." Because this alleged right to "own, maintain and
operate" has a direct effect on the potential use of the subject property, I believe a
sufficient nexus exists. For that reason, I would deny the writ.




 _______________________________

 STEVE MCKEITHEN

 Chief Justice



Dissent Delivered 

July 29, 2004