Opinion issued December 9, 2004










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00485-CV




IN RE CHAYN MOUSA D/B/A DIMENSIONAL INVESTMENTS, Appellant




On Appeal from the 113th District Court
 County, Texas
Trial Court Cause No. 2004-08451




MEMORANDUM OPINION

          In this original proceeding, we consider whether the trial court


 abused its
discretion by cancelling a notice of lis pendens filed by relator, Chayn Mousa d/b/a/
Dimensional Investment (“Mousa”). We conditionally grant the petition for writ of
mandamus.
BACKGROUND
          In 2003, relator, Chayn Mousa, negotiated to purchase two parcels of real
property from real-party-in-interest, Toys “R” Us-Delaware, Inc. (Toys “R” Us). In
July 2003, Mousa and Toys “R” Us entered into a letter of intent, which expressly
stated that it was not intended to be a binding agreement.


 The parties, however,
never entered into a formal contract of sale and no earnest money was ever
exchanged. Several months later, Toys “R” Us entered into an agreement to sell the
property to Discount Tire for $400,000 dollars more that Mousa had intended to pay.
          On February 19, 2004, Mousa filed suit, alleging that the letter of intent formed
“a binding contract, irrespective of the attempted disclaimer language therein.” 
Mousa also sought specific performance of the purported sale. On February 24, 2004,
Mousa filed a notice of lis pendens with the county clerk. See Tex. Prop. Code Ann.
§ 12.007 (Vernon 2004). On April 19, 2004, Toys “R” Us filed a motion to cancel
the notice of lis pendens so that it could proceed with the sale to Discount Tire. After
a hearing on the issue, the trial court granted Toys “R” Us’s motion to cancel the
notice of lis pendens, whereupon Mousa filed this petition for writ of mandamus. 
Mousa contends that his petition asserts an “interest in real property,” and that the
trial court erred in dismissing his notice of lis pendens. We agree.
          The underlying purpose of a lis pendens is “to put those interested in a
particular tract of land on inquiry as to the facts and issues involved in the suit or
action concerned.” Kropp v. Prather, 526 S.W.2d 283, 287 (Tex. Civ. App.—Tyler
1975, writ ref’d n.r.e.). A filed lis pendens is constructive notice of the underlying
lawsuit, and a prospective buyer is on notice that he acquires any interest subject to
the outcome of the pending litigation. Gene Hill Equip. Co. v. Merryman, 771 S.W.2d
207, 209 (Tex. App.—Austin 1989, no writ); Allen-West Comm’n Co. v. Gibson, 228
S.W. 342, 345 (Tex. Civ. App.—Dallas 1921, writ ref’d). Ultimately, the effect of
filing a lis pendens “is to prevent either party to the litigation from alienating the
property in dispute . . . . [O]ne acquiring an interest in property from a party pending
litigation in regard to it is bound by the result.” Gene Hill Equip. Co 771 S.W.2d at
209 (quoting Black v. Burd, 255 S.W.2d 553, 555 (Tex. Civ. App.—Fort Worth 1953,
writ ref’d n.r.e.).
          A lis pendens may be filed during the pendency of an action involving (1) title
to real property, (2) the establishment of an interest in real property, or (3) the
enforcement of an encumbrance against real property. Tex. Prop. Code Ann. §
12.007.


 Toys “R” Us argues that the lis pendens statute does not apply because the
letter of intent, on its face, is not an enforceable contract and is insufficient to create
an interest in real property. Toys “R” Us’s argument misses the point. Whether or
not the letter of intent creates an enforceable contract of sale is the ultimate issue to
be resolved in the underlying suit. The issue the trial court should resolve in a motion
to cancel a lis pendens suit is whether the pleadings of the underlying suit involve a
claim to an interest in property. See First Nat’l Petroleum Corp. v. Lloyd, 908
S.W.2d 23, 25 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) (holding that
“[w]e examine the petition to determine whether the action is within the lis pendens
statute” and rejecting dissent’s invitation to look beyond pleadings).
          Thus, we examine Mousa’s petition to determine whether he has stated a claim
within the lis pendens statute. Mousa’s Second Amended Petition includes the
following claim:
Plaintiff asks the Court to require Defendants to specifically perform the
contractual obligations to which the Parties agreed in writing or by
partial performance of the Letter of Intent or, alternatively, to which
they agreed by partial performance of the Sales Agreement. Without
limitation, Plaintiff seeks to establish his interest in the Property and
asks the Court to enter judgment ordering Defendants to transfer legal
title to the Property to Plaintiff.

          Mousa’s petition clearly claims that the letter of intent was either a binding
sales agreement or that it became binding through the partial performance of the
parties.


 The petition further asserts a claim for specific performance of the
agreement, transferring legal title to Mousa. A party’s assertion that they are entitled
to recover the property at issue in the lawsuit sufficiently states a claim coming
within the provisions of the lis pendens statute. See id.
          Because Mousa’s petition seeks the actual transfer of the title to the property,
he has stated a claim within the provisions of section 12.007. See id. Accordingly,
the trial court erred in cancelling the notice of lis pendens.


 A writ of mandamus is
the appropriate remedy when issues arise concerning the propriety of a notice of lis
pendens. See Flores v. Haberman, 915 S.W.2d 477, 478 (Tex. 1995); First Nat’l
Petroleum Corp., 908 S.W.2d at 25. The petition for writ of mandamus is
conditionally granted. In light of this opinion, we are confident that the trial court
will vacate its order cancelling the lis pendens. The writ of mandamus will issue only
if the trial court does not do so.
 
 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala