## LONG BEACH MORTGAGE COMPANY, Appellant,

v.

## Robb EVANS, as Receiver for TLC America, Inc., Appellee.

No. 05–07–00435–CV.

Court of Appeals of Texas, Dallas.

March 6, 2009.

Rehearing Overruled June 17, 2009.

Randall K. Price, James T. Phillips, and Perry J. Cockerell, Cantey & Hanger, LLP, for Appellant.

Karen Hart, Randall K. Lindley, Bell, Nunnally & Martin, LLP, Dallas, Jeffrey R. Seewald, McGlinchey Stafford, PLLC, Houston, for Appellee.

Before Justices BRIDGES, FRANCIS, and WHITTINGTON.[1]

## OPINION

Opinion by Justice BRIDGES.

This case involves competing interests in residential property located in Texas. Long Beach Mortgage Company appeals from a summary judgment. In three issues, Long Beach challenges the trial court's grant of Robb Evans's motion for summary judgment, the denial of Long Beach's motion for summary judgment, and the award of attorneys' fees to Evans. We affirm the judgment of the trial court.

### Background

In 2000, the Securities and Exchange Commission brought suit in California against TLC America, Inc. and related business entities and individuals for federal securities laws violations with regard to the misuse and diversion of over $28 million in investor funds ("SEC Litigation"). In the SEC Litigation, the California federal court appointed Robb Evans as temporary receiver, giving Evans the "full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises ... of TLC." The order also authorized Evans "to have

---

1. The Honorable Mark Whittington, Justice, Court of Appeals, Fifth District of Texas at Dallas, retired, sitting by assignment. This appeal was submitted to the panel before Justice Whittington retired on December 31, 2008.

access to and to collect and to take custody ... of all assets ... of TLC" and "to take such action as is necessary and appropriate to preserve ... any assets of TLC." Evans then filed his initial order of appointment and the complaint from the SEC Litigation in the United States District Court for the Northern District of Texas. The court in the SEC Litigation later entered an order appointing Evans as the permanent receiver of TLC America.

After his appointment, Evans brought suit in the United States District Court for the Central District of California against multiple defendants, including Durham Capital Group, Inc. and David Price, the president of Durham, to recover TLC America's property (the "Garro Litigation").[2] Evans asserted claims of fraud, conversion, negligence and breach of fiduciary duty in the Garro Litigation. Evans also sought the imposition of a constructive trust on property purchased with funds stolen from TLC America.

In the Garro Litigation, Evans alleged that over $2.5 million of TLC America's funds had been wired into a Durham Capital Group, Inc. bank account controlled by David Price and his former wife, Carol Miller Price. During the course of the Garro Litigation, Evans discovered that over $1 million of the funds transferred into the Durham account were diverted into an account separately maintained by Carol Miller Price. Carol Miller Price then used this money to purchase a personal residence in Texas, the Marquette Property, in October 1999. Upon discovering that TLC America's funds had been used to purchase the Marquette Property, Evans filed a notice of lis pendens on July 23, 2002. The notice was recorded in Dallas County, Texas on July 24, 2002.

Also on July 24, 2002, David Price and Carol Miller Price borrowed $400,000 from Long Beach through a home equity loan. A deed of trust on the Marquette Property secured this loan. On August 2, 2002, Long Beach filed its deed of trust in Dallas County, Texas, creating a lien on the Marquette Property. The Prices ultimately defaulted on their loan with Long Beach.

In December 2002, the California federal court in the Garro Litigation found David Price and Durham Capital jointly and severally liable to Evans, as receiver for TLC America, in the amount of $3,505,001.59. The federal court also imposed a constructive trust over the Marquette Property.

After the constructive trust was imposed in the Garro Litigation, Evans petitioned the court in the SEC Litigation for permission to sell the Marquette Property. The court in the SEC Litigation granted Evans permission to sell the Marquette Property "free and clear of all liens and interests therein, with such liens and interests to attach to the net proceeds of sale." The court further ordered that "the sale proceeds shall be held in trust by [Evans] pending resolution of all disputes concerning distribution of the sale proceeds and any claimed interests in the [Marquette Property.]" The court further ordered David Price, Carol Miller Price, Long Beach, and any other third-party claimant to file a claim with the court within sixty days if they intended to assert an interest in the sale proceeds. The court authorized Evans to "perform any and all other acts necessary to effectuate the orderly sale of the [Marquette Property.]"

Long Beach did not file a claim in the SEC Litigation pursuant to the court's order. Long Beach contends that it did

---

**2.** The Garro Litigation is styled and numbered *Robb Evans, as Receiver for TLC America, Inc. v. James F. Garro, et al.,* Case No. 01– 6466, in the United States District Court for the Central District of California.

not file a claim because it was not served with the order providing the sixty-day deadline to assert a claim to the sale proceeds. Consequently, the California federal court did not resolve Long Beach's lien claim, thereby clouding title to the Marquette Property.

Evans registered the judgment imposing the constructive trust for enforcement in the United States District Court for the Northern District of Texas. In 2004, the federal court for the Northern District of Texas divested the Prices of all title and interest to the Marquette Property and vested full fee simple title to the Marquette Property in Evans.

Evans has filed this lawsuit against Long Beach in state district court to resolve Long Beach and Evans's competing claims (i.e. Evans's lis pendens and Long Beach's deed of trust) to the Marquette Property. The parties filed traditional cross-motions for summary judgment. The trial court granted summary judgment in favor of Evans and denied Long Beach's motion. The court entered a final judgment in favor of Evans, which declares his lis pendens valid and effective with respect to the Marquette Property and superior to Long Beach's deed of trust lien claim. The judgment further declares Long Beach's deed of trust claim invalid and of no force and effect with respect to the Marquette Property and quiets title to the Marquette Property in Evans. The final judgment also authorizes Evans to sell the Marquette Property and awards Evans his attorneys' fees.

The trial court denied Long Beach's motion for new trial and this appeal ensued.

## Discussion

### Standard of Review

The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). We review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered, or remand if neither party has met its summary judgment burden. *Id.*

### Issues One And Two

In its first and second issues, Long Beach contends the trial court improperly granted Evans's motion for summary judgment and denied its motion. Within these issues, Long Beach contends: (1) the California federal court and Evans lacked *in rem* jurisdiction over the Marquette Property; (2) the lis pendens was ineffective because it evidences collateral issues; (3) "the interplay between the local action doctrine and collateral issues" are problematic; (4) the pleadings in the Garro Litigation do not support lis pendens in Texas; and (5) the lis pendens did not provide it with constructive notice.

1. *Long Beach's First and Third Arguments—Whether Evans And The California Federal Court Had Jurisdiction*

With regard to its first and third arguments, Long Beach contends that the Cali-

fornia federal court and Evans lacked *in rem* jurisdiction over the Marquette Property because Evans failed to file the complaint and order of appointment within ten days as required by 28 U.S.C. § 754. A receiver achieves jurisdiction and control of property in districts other than that of appointment by following the requirements of 28 U.S.C. § 754. *See U.S. v. Arizona Fuels Corp.*, 739 F.2d 455, 460 (9th Cir. 1984). Section 754 provides, in pertinent part, as follows:

> A receiver, appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> . . .
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which the property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754.

◼ The record before us reflects Evans was appointed temporary receiver in the SEC Litigation by order dated October 4, 2000. This order and the accompanying complaint were filed in the United States District Court for the Northern District of Texas nine days later, on October 13, 2000. The California federal court then appointed Evans as permanent receiver on November 1, 2000, but the order was not forwarded to the Northern District of Texas until December 20, 2000 and was not stamped "received" by the clerk of the Northern District of Texas until January 2, 2001.

Relying on the Local Rules for the Central District of California, Long Beach contends that because Evans's temporary receivership expired before he was permanently appointed and because he failed to file his order of permanent appointment within ten days of the order, both he and the federal court lacked jurisdiction over the property.[3] Other than bare citations to the local rules, Long Beach offers no argument, supported by authority, for this proposition. Moreover, the California federal court continued its jurisdiction over the case to resolution. In the absence of authority which mandates the receiver is divested of jurisdiction for his purported failure to comply with the local rules, we will not conclude that the local rules divested Evans and by extension, the California federal court, of jurisdiction over the Marquette Property.[4]

◼ Further, section 754 does not specify or require that both the temporary and permanent appointment orders be filed within ten days for the receiver to main-

---

3. These rules provide, in pertinent part, as follows:

> 25.2 **Temporary Receiver–Term of Appointment.** A temporary receiver shall not be appointed for a period longer than the next Motion Day following the expiration of twenty (20) days after the date of appointment.
>
> 7.2 **Motion Days.** Each Monday, commencing at 10:00 a.m., shall be "Motion Day" on which motions will be heard. . . .

4. Long Beach also argues that the order appointing Evans as temporary receiver expired by its own terms on October 16, 2000 and divested Evans of jurisdiction. However, the October 4 order which appointed Evans temporary receiver also contained, among other orders, a temporary restraining order. The October 4 order only reflects expiration of the TRO on October 16, 2000, not the expiration of Evans's receivership status.

tain jurisdiction. Instead, section 754 only states "within ten days after the entry of his order of appointment," the order should be filed in the district court for each district in which the property is located. See 28 U.S.C. § 754. Long Beach has not cited us to any authority, and we have found none, which mandates that the ten-day requirement be fulfilled after both the temporary and permanent appointments of receivership for Evans to maintain jurisdiction over the property at issue. See S.E.C. v. Am. Capital Investments, Inc., 98 F.3d 1133, 1142–43 (9th Cir.1996) (stating no case addresses whether the 10–day period of § 754 commences after a temporary appointment or only upon a permanent appointment), abrogated on other grounds by Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). We conclude Evans's filing of the order of appointment as temporary receiver and complaint within the ten-day period established Evans's jurisdiction over the Marquette Property. See 28 U.S.C. § 754. Furthermore, Evans was not required to file his appointment of permanent receivership within the ten-day period in order to maintain the jurisdiction already established by his timely filing of the order of appointment as temporary receiver and accompanying pleading. See

id. We conclude Evans complied with section 754 and both he and the California federal court had jurisdiction over the Marquette Property.[5]

### 2. Long Beach's Fourth Argument— Whether The Pleadings Support The Lis Pendens

▮ In its fourth argument, Long Beach asserts the lis pendens was ineffective because the pleadings in the Garro Litigation do not support the lis pendens. Long Beach also contends the lis pendens is ineffective because the Marquette Property is not specifically identified on the face of the Garro Litigation pleading. Section 12.007 of the property code provides a lis pendens must state: (1) the style and number, if any, of the proceeding; (2) the court in which the proceeding is pending; (3) the names of the parties; (4) the kind of proceeding; and (5) a description of the property affected. The lis pendens before us provides the statutory requirements.[6] Tex. Prop.Code Ann. § 12.007 (Vernon 2004). The lis pendens notice in this case provides:

**NOTICE IS HEREBY GIVEN** that Case No., 01–6466, styled ROBB EVANS, as Receiver for TLC America,

---

5. Long Beach also argues the Local Action Doctrine applies to this case. The Local Action Doctrine provides that a local action must be brought in the state where the property is located. See Hayes v. Gulf Oil Corp., 821 F.2d 285, 287 (5th Cir.1987) (tracing history of local action doctrine). Since we have concluded the receiver complied with 28 U.S.C. § 754 and that both he and the California federal court had jurisdiction over the Marquette Property, we need not address issues related to the Local Action Doctrine raised by Long Beach.

6. Long Beach also contends the pleading in the Garro Litigation was not sufficient to support Evans's lis pendens notice because the cause number listed on the lis pendens did

not match the cause number on the first amended petition filed in the Garro Litigation. The record reflects the cause number in the Garro Litigation changed when the case was transferred to another division of the California federal courts. Long Beach contends Evans did not file a lis pendens referencing the suit brought in the new cause number and, therefore, the lis pendens did not provide proper notice. However, Long Beach raises this argument for the first time on appeal. The argument is, therefore, waived and we need not address it. State Bd. of Ins. v. Westland Film Indus., 705 S.W.2d 695, 696 (Tex.1986); Collins v. City of Corpus Christi, 188 S.W.3d 415, 423 (Tex.App.-Corpus Christi 2006, no pet.).

Inc., Plaintiff v. James F. Garro, an individual; David Price, an individual; ... Durham Capital Group, Inc., a Nevada corporation; ... Defendants; was commenced in the United States District Court for the Central District of California on July 27, 2001 and is now pending in such court.

The action seeks to establish an interest or a right in real property situated in Dallas County, Texas, and described as follows:

> **7843 Marquette Street, Dallas, Texas 75225–4400**
> **Caruth Village Phase 2**
> **Blk R/5450 LT 10**
> **VOL 99209/6210 DD 102399 CO-DALLAS**

The action is fraud and deceit; aiding and abetting; conversion; money had and received; negligence; breach of fiduciary duty; and constructive fraud....

(emphasis in original).

We agree that Evans does not specifically reference the Marquette Property in the first amended complaint of the Garro Litigation even though he does specifically refer to other properties. In the first amended complaint, Evans uses a "catch-all" phrase to request the court to (1) declare "any other purchases or investments made with TLC's funds [be held] in a constructive trust for the benefit of TLC," (2) declare "TLC the owner ... of any other purchases or investments made with TLC's funds" and (3) order a conveyance to TLC of "any other purchases or investments made with TLC's funds." Evans argues this catch-all phrase encompasses the Marquette Property. Long Beach has not cited us to any case authority requiring the pleading to specifically identify the property listed in the lis pendens and, after an extensive search, we too have found no case which mandates the specific identification of the property in a pleading to support the lis pendens. Without such authority, we decline to overturn the judgment on that basis.[7]

### 3. Long Beach's Second Argument— Whether The Lis Pendens Evidences Collateral Issues

Long Beach also argues the relief sought in the Garro Litigation only collaterally involved the Marquette Property so it cannot support the lis pendens. In support of this proposition, Long Beach directs us to section 12.007 of the Texas Property Code.

Section 12.007 provides that "during the pendency of an action involving title to real property, the *establishment of an interest in real property*, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending." TEX. PROP.CODE ANN. § 12.007 (Vernon

---

**7.** Long Beach also contends that lis pendens was not proper because Carol Miller Price was not a party to the Garro Litigation, and "nothing in the summary judgment record supports the relief sought by Evans with respect to the property interest vested in Carol Price...." However, Carol Miller Price never had a valid claim to the Marquette Property since the California federal court found money diverted from TLC was used to purchase the Marquette Property. *See Teve Holdings*

*Ltd. v. Jackson*, 763 S.W.2d 905, 908 (Tex. App.-Houston [1st Dist.] 1988, no pet.) (a constructive trust is awarded when it is unconscientious for the holder of legal title to retain and enjoy the beneficial interest in real property). Furthermore, the Northern District of Texas completely divested both Carol Miller Price and David Price of any alleged interest in the Marquette Property and vested such interest in Evans.

2004) (emphasis added). The lis pendens statute gives litigants a method to constructively notify anyone taking an interest in real property that a claim is being litigated against the property. *In re Collins,* 172 S.W.3d 287, 292 (Tex.App.-Fort Worth 2005, orig. proceeding); *Garza v. Pope,* 949 S.W.2d 7, 8 (Tex.App.-San Antonio 1997, orig. proceeding). A recorded lis pendens is notice to the world of its contents regardless of whether service has been made on the parties to the proceeding. *See* Tex. Prop.Code Ann. § 13.004 (Vernon 2004). To satisfy section 12.007, the suit on which the lis pendens is based must claim a direct interest in real property, not a collateral one. *In re Collins,* 172 S.W.3d at 293.; *In re Wolf,* 65 S.W.3d 804, 805 (Tex.App.-Beaumont 2002, orig. proceeding). In other words, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit. *In re Fitzmaurice,* 141 S.W.3d 802, 805 (Tex.App.-Beaumont 2004, orig. proceeding); *In re Wolf,* 65 S.W.3d at 806 (both stating an "adequate nexus" must exist between the claim and the subject property).

■ Long Beach contends that Evans's request for title in the Garro Litigation was only a "plea for relief requested" and merely collateral. We disagree. To determine the validity of a lis pendens on appeal, this Court must look to appellee's pleadings to determine whether the suit sought to establish an interest in the real property involved, entitling Evans to file a lis pendens. *First Nat. Petroleum Corp. v. Lloyd,* 908 S.W.2d 23, 25 (Tex.App.-Houston [1st Dist.] 1995, no pet.); *Teve Holdings Ltd. v. Jackson,* 763 S.W.2d 905, 907 (Tex.App.-Houston [1st Dist.] 1988, no pet.). The first amended complaint in the Garro Litigation states that Price and Durham Capital, among others, held real property purchased with TLC's funds in a constructive trust for the benefit of TLC. In addition, the pleading states, "Garro and Price spent millions of dollars of the funds they retained on travel, living expenses, and the purchase of luxury homes. In so doing, Defendants wrongfully detained funds belonging to TLC and spent those funds for their own personal benefit." In his prayer for relief for fraud and deceit, Evans asked the California federal court "to convey to TLC" any purchases made with TLC's funds. Following the allegations that TLC's funds were converted for the purchase of real property, Evans requested the court to (1) declare "any other purchases or investments made with TLC's funds [be held] in a constructive trust for the benefit of TLC," (2) declare "TLC the owner ... of any other purchases or investments made with TLC's funds," and (3) order a conveyance to TLC of "any other purchases or investments made with TLC's funds."

■ Where the pleadings seek a constructive trust for property and pray that an interest be granted in that property, the notice of lis pendens against that property is valid. *Lloyd,* 908 S.W.2d at 24–25. Because Evans seeks a constructive trust to obtain a conveyance of an interest in real property, and not merely an interest in the proceeds, the request for a constructive trust seeks a direct interest in real property. *Cf. Moss v. Tennant,* 722 S.W.2d 762, 763 (Tex.App.-Houston [14th Dist.] 1986, no pet.) (pleading that a lien be imposed against property was essentially a prayer for a judgment lien, affecting the property only collaterally, and did not support lis pendens). *See also Teve,* 763 S.W.2d at 908 (distinguishing *Moss* and concluding the lis pendens was proper due to the prayer for a constructive trust and an interest in the property in the underlying pleadings). Thus, Evans's notice of lis pendens against the Marquette Property is

valid. *Lloyd*, 908 S.W.2d at 25; *Teve*, 763 S.W.2d at 908–09.

#### 4. Long Beach's Fifth Argument—Whether The Lis Pendens Provided Constructive Notice

 Long Beach next contends the record does not reflect that the lis pendens was recorded prior to the effective date of Long Beach's lien. Thus, Long Beach argues the lis pendens did not provide the necessary constructive notice prior to the effective date of Long Beach's lien on the Marquette Property. Long Beach further asserts that absent proof that Evans's lis pendens was recorded prior to the effective date of Long Beach's security instrument, Long Beach is entitled to summary judgment or, alternatively, fact issues exist which preclude summary judgment in favor of Evans.

Although the record reflects the lis pendens was recorded on July 24, 2002, the same date Long Beach's deed of trust was executed, the record also reflects the lis pendens was filed on July 23, 2002. "An instrument filed with a county clerk for recording is considered recorded from the time that the instrument is filed." TEX. LOCAL GOV'T CODE ANN. § 191.003 (Vernon 2008). A notice of lis pendens is effective from the time it is filed or, in this case, July 23, 2002. *See* TEX. PROP.CODE ANN. § 13.004 (Vernon 2004). Thus, Evans's lis pendens was filed and deemed recorded prior to the date Long Beach executed its deed of trust on July 24, 2002 or filed the deed of trust on August 2, 2002. Thus, the record establishes that Evans's lis pendens was recorded prior to the effective date of Long Beach's security instrument. Long Beach's lien claim is, therefore, subordinate to Evans's lis pendens as a matter of law. *See Countrywide Home Loans,*

*Inc. v. Howard,* 240 S.W.3d 1, 4 (Tex.App.-Austin 2007, no pet.).

Still, Long Beach argues lis pendens provides constructive notice only upon recording and proper indexing. Long Beach asserts that "obviously, it was indexed sometime after it was recorded",[8] so there was no constructive notice given prior to the time of execution of Long Beach's deed of trust. However, we have already concluded that the filing of the lis pendens was sufficient to place Long Beach on notice of Evans's interest in the Marquette Property. *See* TEX. PROP.CODE ANN. § 13.004 (Vernon 2004). There is no provision in section 13.004 which requires the index to be made as a condition precedent to the validity of the notice. *See Pope v. Beauchamp,* 206 S.W. 928, 931 (Tex.1918) (discussing a predecessor to section 13.004 and concluding it was unnecessary for one to show that the lis pendens was indexed in order to render the notice of lis pendens effective).

Thus, the summary judgment evidence demonstrates that there is no genuine issue of material fact precluding summary judgment in favor of Evans. We overrule Long Beach's first and second issues.

### Issue Three

In its third issue, Long Beach challenges the award of attorneys' fees to Evans. Long Beach contends the trial court improperly awarded fees under the Declaratory Judgment Act when, in fact, Evans's lawsuit was one to quiet title and fees are not permitted in suits to quiet title. *See Southwest Guar. Trust Co. v. Hardy Rd. 13.4 Joint Venture,* 981 S.W.2d 951, 952–53 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (attorney's fees not available in suit to quiet title or to remove cloud on title).

 Although we agree with Long Beach that Evans's pleading describes the

8. The record before us does not include a copy of the index.

claim as a cloud on title, Long Beach failed to raise this issue before the trial court. Issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion. *McConnell v. Southside Indep. School Dist.*, 858 S.W.2d 337, 341 (Tex.1993); *see also* Tex. R.App. P. 33.1 (To preserve a complaint for appellate review, a party must have presented its complaint to the trial court "by a timely request, objection, or motion that ... stated the grounds for the ruling that the complaining party sought ... with sufficient specificity to make the trial court aware of the complaint.") We cannot reverse a trial court's judgment based on an issue not presented to the trial court. *Westland,* 705 S.W.2d at 696. Thus, we overrule Long Beach's third issue.

We affirm the judgment of the trial court.