**In re Edward G. WOLF.**

**No. 09–01–474 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 7, 2001.

Decided Jan. 10, 2002.

Frank W. Morgan, Law Office of Frank W. Morgan & Associates, P.C., Woodlands, for appellant.

E. Michelle Bohreer, Todd J. Zucker, Lee A. Collins, Boyar & Miller, P.C., Houston, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

In this original proceeding, we determine whether the trial court abused its discretion in denying Edward G. Wolf's motion to cancel a lis pendens filed by LFSI, Inc. formerly known as Strategic Finance, Inc. The lis pendens affects four lots owned by Wolf in Montgomery County, Texas. We conditionally grant the mandamus.

In the underlying cause, Strategic Finance, Inc. ("Strategic") sued First National Net, Inc. ("FNN") and Wolf regarding a debt owed to Strategic under a factoring agreement between Strategic and FNN. Strategic's business is purchasing accounts receivable from clients ("factoring"). FNN, who provided field inspection services for lenders in connection with home mortgage lending, entered into a Master Purchase and Sale Agreement with Strategic ("factoring agreement"). The factoring agreement obligated FNN, under certain circumstances, to repurchase or replace receivables it had sold to Strategic. Any obligations of FNN to Strategic were secured by a lien on and security interest in certain of FNN's assets, such as accounts, chattel paper, instruments, and general intangibles. Wolf, the chief executive officer of FNN, individually guaranteed FNN's debt. The lots were not pledged to secure FNN's obligations to Strategic.

■ The lis pendens statute provides persons litigating title to property with a mechanism to give constructive notice to all those taking title to the property that the claimant is litigating a claim against the property. *Garza v. Pope,* 949 S.W.2d 7, 8 (Tex.App.-San Antonio 1997, no writ).

A party may file a lis pendens during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. TEX. PROP.CODE ANN. § 12.007(a) (Vernon 1984). Strategic asserts it has an interest in the lots owned by Wolf.

■ Where only collateral issues are involved that ultimately may affect the parties' interest in the property, the doctrine of lis pendens does not apply. *Flores v. Haberman,* 915 S.W.2d 477, 478 (Tex.1995)(holding that notice of lis pendens was improper because plaintiffs sought a constructive trust on property only to satisfy their judgment against defendant). Although the statute does not define "interest," the statute's wording indicates an interest in property means something less than title. *See Olbrich v. Touchy,* 780 S.W.2d 6, 7(Tex.App.-Houston [14th Dist.] 1989, no writ).

Strategic maintains that where it has expressly requested and prayed for an interest in the real property, lis pendens is proper. Certain cases from the First Court of Appeals support Strategic's argument. In *Teve Holdings Ltd. v. Jackson,* 763 S.W.2d 905, 908–09 (Tex.App.-Houston [1st Dist.] 1988, no writ), the court held that where a plaintiff's pleadings sought a constructive trust for a piece of property and prayed that the plaintiff be granted an interest in that property, plaintiff's notice of lis pendens against that property was valid. The First Court reiterated this position in *First National Petroleum Corp. v. Lloyd,* 908 S.W.2d 23, 25 (Tex.App.-Houston [1st Dist.] 1995, no writ). The *First National* court noted that the plaintiff sought the "property itself," and not just the proceeds and, thus, the facts were distinguishable from those in *Flores.*

■ However, we feel the better position is stated in *Olbrich v. Touchy*, 780 S.W.2d 6, 7 (Tex.App.-Houston [14th Dist.] 1989, no writ). There, the Fourteenth Court found the trial court erred in denying a motion to cancel the lis pendens and noted that an adequate nexus must exist between the claim and the subject property. *Olbrich*, 780 S.W.2d at 7. It is the "adequate nexus" that is lacking here.

■ In its pleadings, Strategic alleged Wolf used his position to divert proceeds collected by FNN on Strategic's receivables for his own personal use, including using those proceeds to fund his purchase of the lots. Strategic claimed a constructive trust was the only remedy that would prevent the unjust enrichment of Wolf at Strategic's expense. In the alternative, Strategic asserted that it should be granted title to the lots. Neither in its pleadings below nor on appeal, does Strategic explain how the trial court would have the authority to transfer title of the lots to Strategic. Thus, Strategic has failed to establish an adequate nexus between its claim and the property. Without that nexus, which could be established in an evidentiary hearing, the trial court erred in denying Wolf's motion for an order cancelling the lis pendens. We are confident the trial court will comply with the opinion of this court. The writ of mandamus will issue only in the event the trial court refuses to do so.