**In re Michael FITZMAURICE, 1488 Land Development, Inc., Live Oak Land Development, Ltd., L.O. Development, Inc., Dorothy Fitzmaurice, Sherry Fitzmaurice, B.J. Farley, and L. Don Knight.**

No. 09–04–114 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 14, 2004.

Decided July 29, 2004.

---

Keith Woods, Meyer, Knight & Williams, LLP, Houston, for relator.

Dennis M. Dylewski, Michael A. Thompson, Dylewski & Douglass. P.C., Houston, for real party in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

In this original proceeding, we determine whether the trial court abused its discretion in denying relators' motion to cancel a lis pendens. Relators argue the real parties in interest failed to establish an adequate nexus between their claims and the property in question. The real parties in interest contend that their suit seeks to impose a constructive trust on the subject property or to obtain specific performance of a promise to construct community infrastructure and amenities, and therefore is a suit for the establishment of an interest in real property for which lis pendens is statutorily authorized.

■ A party may file a lis pendens during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. TEX. PROP.CODE ANN. § 12.007 (Vernon 2004). Section 12.007 provides a mechanism through which litigants give constructive notice to all those taking title to the property that the claimant is litigating a claim against the property. Id.; TEX. PROP.CODE ANN. § 13.004 (Vernon 2004). The use of lis pendens has been disapproved where only collateral questions are involved which might ultimately affect the interest of the parties to property. Garza v. Pope, 949 S.W.2d 7, 8 (Tex. App.-San Antonio 1997, orig. proceeding). Mandamus is appropriate when the trial court has refused to cancel an improper lis pendens. Id.

■ The underlying litigation involves tort and contract claims filed by twenty-four purchasers of property in a residential subdivision called Thousand Oaks. Relators, Michael Fitzmaurice, 1488 Land Development, Inc., Live Oak Land Development, Ltd., L.O. Development, Inc., Dorothy Fitzmaurice, Sherry Fitzmaurice, B.J. Farley, and L. Don Knight, are defendants in the action. The petition alleges that Michael Fitzmaurice controls 1488 Land Development, Inc., Live Oak Land Development, Ltd., and L.O. Development, Inc., that he operates them as a unitary corporate arrangement, and that they are alter egos. 1488 Land Development, Inc., is the developer of Thousand Oaks. Live Oak Land Development, Ltd., bought the approximately 700 acre site in 1997, and now owns property adjacent to the subdivision. Michael Fitzmaurice is the President and Director of the Thousand Oaks Property Owners Association ("TOPOA"). Dorothy Fitzmaurice, Sherry Fitzmaurice, B.J. Farley, and L. Don Knight are also directors of the property owners' association. The TOPOA is a defendant, but it is not named in the lis pendens and is not one of the relators. On August 8, 2003, one of the plaintiffs, Robert English, filed a notice of lis pendens that the action filed "seeks to enforce contractual obligations which constitute a charge or encumbrance against ... [a]ll land owned" by the relators within an attached metes and bounds description covering over 700 acres.

Arguing that the suit does not involve a dispute over the ownership of the property described in the lis pendens, relators filed a motion to cancel the lis pendens. The plaintiffs' petition alleges Michael Fitzmaurice and 1488 Land Development, Inc., are responsible for or made representations regarding the construction of ameni-

ties, including lakes, a recreational park, and retention ponds. In addition to monetary damages, the petition seeks an imposition of a constructive trust over the remaining property of Michael Fitzmaurice and 1488 Land Development, Inc. "in order to prevent unjust enrichment of the Defendants and require the Defendants to deliver properties to the Plaintiffs as represented so that the Plaintiffs would own, maintain and operate such properties for the benefit of the homeowners in Thousand Oaks as was initially and continually represented by the Defendants."

In support of the lis pendens, the real parties in interest presented two arguments to the trial court. First, they argued that their litigation seeks to establish an interest in the property through the imposition of a constructive trust. Second, they argued that the relators improperly amended the Declaration of Covenants, Conditions and Restrictions of the subdivision to permit the relators to perpetually maintain control over the TOPOA. They claimed that after suit commenced, 1488 Land Development, Inc., borrowed over one million dollars from OmniBank, N.A., that the collateral for the loan consisted of the only two lots in the subdivision owned by the TOPOA, and that Michael Fitzmaurice, in his capacity as president of TOPOA, pledged TOPOA as guarantor for the entire amount of the loan and obligated the TOPOA to maintain and insure the property serving as collateral for a loan, whether owned or not by the TOPOA. They argued the relators' misuse of the association's power, and the commingling of its finances with those of the relators, gave the real parties in interest a claim to a direct interest in the property for purposes of the lis pendens. On February 26, 2004, the trial court denied the relators' motion to cancel the lis pendens.

Relators rely upon *In re Wolf,* 65 S.W.3d 804, 806 (Tex.App.-Beaumont 2002, orig. proceeding, [mand. denied]), in which we held that the real party in interest failed to establish a nexus between the litigation and the subject property. In *Wolf,* the real party in interest pleaded for imposition of a constructive trust to prevent unjust enrichment, or alternatively, that it should be granted title to lots described in the lis pendens. Although the real party in interest facially asserted a claim for title, it did not plead grounds for obtaining the property other than as satisfaction for conversion of the intangibles in which it held a security interest. *Id.* We relied on the precedent established in *Olbrich v. Touchy,* 780 S.W.2d 6, 7 (Tex.App.-Houston [14th Dist.] 1989, orig. proceeding), in which the court held that adjoining landowners could not maintain a lis pendens on property allegedly being illegally subdivided. The court held that the aggrieved landowners could have sought an injunction, but could not bind with lis pendens property on which they had no standing to enforce the restrictions. *Id.* at 8. Similarly, *Flores v. Haberman,* 915 S.W.2d 477, 478 (Tex.1995), held that a lis pendens could not be maintained in a conversion suit where the real party in interest sought to impose a constructive trust upon property purchased with the proceeds from the sale of the converted property. The Supreme Court reasoned that the constructive trust in the purchased properties served only to satisfy the judgment sought against the relator. *Id.* Such an interest, the Court held, "is no more than a collateral interest in the property." *Id.*

The precedents relied upon by the real parties in interest are *First National Petroleum Corp. v. Lloyd,* 908 S.W.2d 23, 25 (Tex.App.-Houston [1st Dist.] 1995, orig. proceeding), and *Teve Holdings Ltd. v. Jackson,* 763 S.W.2d 905, 908–09 (Tex. App.-Houston [1st Dist.] 1988, no writ).

The court deciding *First National* distinguished *Flores v. Haberman* on the grounds that *First National* sought to impose a resulting trust directly on the property alleged to have been obtained through fraud on the relator. *First National Petroleum Corp.,* 908 S.W.2d at 25. Thus, the lis pendens concerned a direct claim rather than a collateral claim on the subject property. *Id. Teve Holdings* held that the lis pendens was valid because the plaintiff sought both imposition of a constructive trust on the specific property listed in the notice and title to that property. *Teve Holdings Ltd.,* 763 S.W.2d at 908–09. *Teve Holdings* was a regular appeal from a judgment that voided a prior conveyance of the subject property to the appellant. *Id.* at 906. The court held that the lis pendens was valid because the appellees who filed the notice were suing for an interest in the specifically named property. *Id.* at 908–09.

Those cases in which lis pendens has been disallowed are those in which the subject property is collateral to the litigation. This is the case here. The pleading of the real parties in interest did not identify any specific property, by lot and block within the Thousand Oaks subdivision, where they allege the represented amenities were to be built, yet the lis pendens encompasses all the unsold lots within the subdivision, plus adjacent property outside the subdivision. No adequate nexus presently exists between the claims of the real parties in interest and the property affected. Consequently, the trial judge should have granted relator's motion to cancel the lis pendens. We are confident the trial judge will now do so and the writ will issue only if she does not. The petition for mandamus is conditionally granted.

WRIT CONDITIONALLY GRANTED.

McKEITHEN, Chief Justice, filed a dissenting opinion.

STEVE McKEITHEN, Chief Justice, dissenting.

I respectfully dissent. As the majority notes, those cases in which lis pendens has been disallowed are those in which the subject property is collateral to the litigation. In this case, the lis pendens serves notice of the litigation on potential purchasers of property within the Thousand Oaks subdivision that is owned by Michael Fitzmaurice or any of his alleged alter egos, including 1488 Land Development, Inc., and the other directors of the TOPOA who are alleged to have breached their fiduciary duty by diverting the association's funds to the defendants. The interest asserted in the pleadings is the plaintiffs' right to "own, maintain and operate" the subject property "for the benefit of the homeowners in Thousand Oaks." Because this alleged right to "own, maintain and operate" has a direct effect on the potential use of the subject property, I believe a sufficient nexus exists. For that reason, I would deny the writ.