COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-367-CV

 

 

JOHN JOSEPH JORDAN D/B/A                                               APPELLANT

PREMIER CONSTRUCTION
SERVICES

 

                                                   V.

 

BURL
AND BRENDA HAGLER                                                  APPELLEES

 

                                              ------------

 

             FROM THE 97TH
DISTRICT COURT OF ARCHER COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction

In six issues, John Joseph Jordan d/b/a Premier
Construction Services (AJordan@)
appeals from the trial court=s
partial summary judgment and order of severance in favor of Burl and Brenda
Hagler (Athe
Haglers@).  We affirm in part and reverse and render in
part.

 








II.  Factual and Procedural Background








This case involves a disgruntled contractor and
his dealings with the homeowners who contracted for his services.  Jordan is a general contractor who furnished
materials and performed services for the Haglers= at
their homestead property in Lakeside City, Texas, including mold remediation
and reconstruction work.  Following a
payment dispute, Jordan filed two AClaims
of Lien@
(mechanic=s liens) on the property.  When Jordan refused to remove the liens, the
Haglers=
responded by filing suit against Jordan alleging shoddy work and seeking a
declaratory judgment and removal of the liens.  Due to defects in the perfection of the
liens, the trial court entered an agreed order on the Haglers= motion
for summary removal of the invalid liens, thereby removing the liens and
prohibiting Jordan from filing further liens or affidavits claiming liens, but
allowing Jordan to stay the removal of the liens by posting a $10,000 bond
pursuant to section 53.161 of the Texas Property Code.  Tex. Prop. Code Ann. ' 53.161
(Vernon Supp. 2004-05).  No bond was
posted and Jordan thereafter filed a lis pendens regarding the property.  He also 
counterclaimed for damages asserting various theories of recovery,
including a request that a constructive trust be imposed on the property.  The Haglers= moved
to cancel the lis pendens pursuant to section 12.008 of the Texas
Property Code or under the common law and asked the trial court to sanction
Jordan.  Tex. Prop. Code Ann. ' 12.008
(Vernon 2004).  The Haglers= also
filed a motion for partial summary judgment and conditional motion for
severance on Jordan=s counterclaim.  Another lis pendens was filed by
Jordan shortly thereafter. 

Following a hearing, the trial court issued its APartial
Summary Judgment & Order on Severance@ and its
AAmended
Order on Motion to Cancel Lis Pendens & for Sanctions.@  The result of the partial summary judgment
order was that:  (1) Jordan took nothing
under his request for a constructive trust, (2) the lis pendens was declared
invalid and void and was ordered removed and cancelled, and (3) the Haglers= were
awarded attorney=s fees under the Uniform
Declaratory Judgments Act.  The result of
the order on the motion requesting cancellation of the lis pendens and for
sanctions was that: (1) the lis pendens was removed and declared void
and (2) the request for sanctions was held in abeyance.  The issues related to the removal of the
liens, the lis pendens, the constructive trust, and the award of attorney=s fees
were severed.  This appeal from those
issues resulted, but Jordan asserts the appeal only relates to the partial
summary judgment and not to the order on the motion to cancel the lis pendens
and for sanctions.

III.  Standard of Review








We review the trial court=s
summary judgment de novo.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex.
2003).  When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s
favor.  Sw. Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002).  Under
Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment
bears the burden to show that no genuine issue of material fact exists and that
it is entitled to judgment as a matter of law. 
Knott, 128 S.W.3d at 216; Haas v. Glazner, 62 S.W.3d 795,
797 (Tex. 2001).

IV.  Constructive Trusts and Homesteads

Jordan argues in his first two issues that a
special exception, not a motion for summary judgment, was the correct procedural
means to attack his assertion of a constructive trust, which he alleges is
available to attach to homestead property under these facts.

A.  Special
Exception








Normally, a special exception is the proper
procedural vehicle to attack a pleading defect. 
KSNG Architects, Inc. v. Beasley, 109 S.W.3d 894, 898 (Tex. App.CDallas
2003, no pet.).  One difference between a
special exception and a summary judgment motion is that if a special exception
is sustained, the party with the pleading defect has the opportunity to cure
the defect.  See id.  Of course, if the defect cannot be cured,
such as when a party asserts a nonexistent cause of action (e.g., negligent
infliction of emotional distress), this distinction between the special
exception and the summary judgment motion becomes irrelevant.  Therefore, here, if a constructive trust is
not available to Jordan as a matter of law, any error in the method of
attacking the alleged pleading defect is harmless, because that pleading defect
cannot be cured.

B. 
Constructive Trusts

What, then, is this fictional creature, the Aconstructive
trust@?  It is not a trust at all, but rather is an
equitable remedy created by our legal system to prevent unjust enrichment, and
its purpose is to right wrongs that cannot be addressed under other legal
theories.  Medford v. Medford,
68 S.W.3d 242, 248 (Tex. App.CFort
Worth 2002, no pet.); Ellisor v. Ellisor, 630 S.W.2d 746, 748 (Tex. App.CHouston
[1st Dist.] 1982, no writ).

C. 
Homesteads








A homestead is exempt from seizure for the claims
of creditors except for encumbrances properly fixed on homestead property.  Tex.
Prop. Code Ann. ' 41.001(a),(b) (Vernon Supp.
2004-05).  An encumbrance may be properly
fixed on homestead property for Awork and
material used in constructing improvements on the property if contracted for in
writing as provided by Sections 53.254 (a), (b), and (c).@  Id. '
41.001(b)(3).  Accordingly, A[t]o fix
a lien on a homestead, the person who is to furnish material or perform
labor and the owner must execute a written contract setting forth the terms of
the agreement.@ 
Id. ' 53.254(a) (emphasis
added).  Sections 53.254(b)-(d) include
additional requirements regarding the nature of the contract.  See id. '
53.254(b)-(d).  Read together, these
statutes provide that a lien, not a constructive trust, is the encumbrance that
may be placed on a homestead for labor and materials used so long as the person
furnishing the material or performing labor executes a written contract with
the owner.    

D. 
Application








It is undisputed that the property in question
was a homestead.  The graveman of Jordan=s
complaint is that he was not properly paid after having furnished labor and materials
to perform the Haglers= mold remediation and
reconstruction job and that the materials used became permanently affixed to
the Haglers= property; hence, the filing of
the mechanic=s lien that Jordan initially
sought to impose on the property. 
However, the parties agreed to an order removing the liens and
prohibiting Jordan from filing further liens or affidavits claiming liens.  Alternatively, the order gave Jordan the
option of staying removal of the liens by filing a $10,000 bond, which he did
not do.  As stated above, a constructive
trust is an equitable remedy created to prevent unjust enrichment that cannot
be remedied by other legal theories; it is not a lien.  Jordan=s
attempt to impose a constructive trust on materials affixed to the Haglers=
homestead property runs contrary to the plain language of section 53.254, which
details the method by which an encumbrance, a lien, may be fixed on a
homestead.  The constructive trust is
thus outside the parameters of section 41.001 and 53.254 of the property code.  Jordan has not favored this court with any
authority supporting the proposition that a constructive trust is available
against a homestead under these circumstances, nor have we found any such
authority.  Moreover, these alleged Awrongs@ against
Jordan can be addressed, and were addressed, by Jordan through other legal
theories.  Accordingly, we hold that
Jordan is not entitled to a constructive trust as a matter of law.  The trial court did not err by granting the
Haglers= motion
for partial summary judgment in this regard. 
We overrule Jordan=s first and second issues.

V.  Lis Pendens








In Jordan=s third,
fourth, and fifth issues, he argues that summary judgment was not the proper
procedural device to attack the filing of his lis pendens[1],
that the agreed order regarding filing of liens was not violated by the filing
of the lis pendens, and that Jordan=s claims
are appropriate for a lis pendens filing. 
We will address only the latter issue, since it is dispositive.

As a preliminary matter, we address the Haglers=
contention that because they also sought to remove the lis pendens by way of
motion, which was granted, and which grant has not been appealed, Jordan=s issues
regarding the removal of the lis pendens need not be considered.  This assertion is incorrect.  Jordan specifically states in his brief that A[t]his
appeal is brought from the granting of these two sets of motions (Motion to
Cancel Lis Pendens and Motion for Sanctions[)] . . . .@  Jordan=s notice
of appeal contains similar language, and his fifth issue addresses the motion,
at least in part.  Therefore, we will
address Jordan=s lis pendens argument.








The lis pendens statute gives litigants a
method to constructively notify anyone taking an interest in real property that
a claim is being litigated against the property.  In re Collins, No. 2-05-192-CV, 2005
WL 2044856, at *3 (Tex. App.CFort
Worth Aug. 26, 2005, orig. proceeding). 
A party may file a lis pendens during the pendency of an action
involving (1) title to real property, (2) the establishment of an interest in
real property, or (3) the enforcement of an encumbrance against real
property.  Tex. Prop. Code Ann. '
12.007(a).  The suit on which the lis
pendens is based must claim a direct interest in the real property, not
a collateral one.  See In re
Fitzmaurice, 141 S.W.3d 802, 805 (Tex. App.CBeaumont
2004, orig. proceeding).








In the instant case, Jordan argues that he has
given notice of an interest in the Haglers=
property pursuant to section 12.007 because the materials he purchased and used
to perform the remediation and reconstruction work on their property are not
removable (at least not without causing significant damage) and have become Aone with
the real property.@ 
Jordan argues, A[a] review of Jordan=s
pleadings shows that Jordan did not seek a lien to recover a judgment, but
instead sought a constructive trust establishing his title in part to the real
property which his property additions had improved.@  Specifically, Jordan claims an ownership
interest in the property Ain a percentage bearing a direct
relationship to the value that the materials he permanently affixed at the
request of Counter-Defendants bears to the value of the premises as a whole.@  Consequently, Jordan contends that the
Haglers= have
been unjustly enriched by the addition of the materials to their property. 








Under the particular facts of this case, however,
we recognize that the only means by which Jordan could have asserted an
interest in the property was by obtaining a mechanic=s
lien.  As mentioned above, the trial
court entered an agreed order which removed all liens and prohibited Jordan
from filing any further liens.  Thus,
Jordan could not assert an interest in the Haglers=
property by way of a lien, and we have held that a constructive trust was
unavailable to Jordan as a matter of law. 
As such, under these circumstances, the lis pendens is merely an attempt
to circumvent the trial court=s agreed
order prohibiting Jordan from filing any further liens against the Haglers=
property.  Accordingly, the lis pendens
is voidable and capable of being cancelled by the trial court because it gives
notice of claim that is unavailable to Jordan. 
Moreover, we disagree that Jordan=s suit
claims a direct interest in the property. 
Jordan does not seek to recover title to the Haglers=
property; he appears to claim an ownership interest in the property only as
security for the recovery of damages he may be awarded on his fraud,
misrepresentation, and breach of contract claims.  This Ais no
more than a collateral interest in the property,@ and the
lis pendens is therefore void.  Flores
v. Haberman, 915 S.W.2d 477, 478 (Tex. 1995) (orig. proceeding); see
also Moss v. Tennant, 722 S.W.2d 762, 763 (Tex. App.CHouston
[14th Dist.] 1986, orig. proceeding) (holding that suit seeking lien as
security to recover damages affected property collaterally, not directly); Blanton,
699 S.W.2d at 645 (same).  We hold that
the trial court did not err by declaring in its partial summary judgment and
severance order that the lis pendens filed by Jordan was invalid and void.  Accordingly, we overrule Jordan=s third,
fourth, and fifth issues.    

VI.  Attorney=s Fees

In his sixth issue, Jordan argues that there is
no legal basis to support the trial court=s award
of attorney=s fees to the Haglers=
pursuant to sections 37.004 and 37.009 of the civil practice and remedies code,
part of the Uniform  Declaratory
Judgments Act (AUDJA@).  The Haglers= contend
that the trial court properly awarded the attorney=s fees
because the lis pendens is a writing or instrument within the meaning of
section 37.004.

Section 37.009 of the civil practice and remedies
code provides, AIn any proceeding under this
chapter, the court may award costs and reasonable and necessary attorney=s fees
as are equitable and just.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009
(Vernon 1997).  Section 37.004, which
describes a Aproceeding under this chapter,@ reads,








[a] person interested
under a deed, will, written contract, or other writings constituting a contract
or whose rights, status, or other legal relations are affected by a statute,
municipal ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance,
contract, or franchise and obtain a declaration of rights, status, or other
legal relations thereunder.

 

Id. '
37.004(a).  

The Haglers= contend
that they are entitled to attorney=s fees
under the UDJA because the lis pendens Ais a
writing and instrument within the meaning of [section] 37.004.@  We disagree. 
A lis pendens is not a Adeed,
will, written contract, or other writing constituting a contract.@  Id. 
These are the only writings or instruments for which declaratory reliefCand
accompanying attorney=s feesCare
available under section 37.004. 
Therefore, we hold that the trial court erred by awarding the Haglers= attorney=s fees
pursuant to chapter 37 of the civil practice and remedies code.  Accordingly, we sustain Jordan=s sixth
issue.

 

 

 

 

 

 








VII.  Conclusion

The judgment of the trial court is affirmed,
except as to the award of attorney=s fees,
which portion of the judgment is reversed and rendered that the Haglers= take
nothing by way of their claim for attorney=s fees
under the UDJA.

 

 

 

BOB
MCCOY

JUSTICE

 

PANEL A:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DELIVERED: October 27,
2005











[1]If a lis pendens does not
fall under the ambit of section 12.007 of the property code (which sets forth
the requirements of a lis pendens), then the opposing party is not required to
comply with section 12.008 (which provides the prescribed statutory methods for
cancelling a lis pendens) in order to Anullify, remove, or cancel the notice.@  Helmsley-Spear of Tex., Inc. v. Blanton,
699 S.W.2d 643, 645 (Tex. App.CHouston [14th Dist.] 1985, orig. proceeding); see
also Hughes v. Houston Nw. Med. Ctr., 647 S.W.2d 5, 7 (Tex. App.CHouston [1st Dist.] 1982,
writ dism=d) (AIn an appropriate case a
court may order the cancellation of a lis pendens notice where it is
established that the party filing such notice has not complied with the
provisions of [the statute].@).  In such
a case, the lis pendens may be attacked by other means, such as a motion to
quash.