Opinion filed March 16, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00351-CV 

 

                                                    __________

 

                          IN RE GMAC MORTGAGE CORPORATION  

 



 

                                                Original
Mandamus Proceeding

 



 

                                            M
E M O R A N D U M    O P I N I O N

This is an original mandamus proceeding.  GMAC Mortgage Corporation seeks a writ of
mandamus directing the trial court to grant a motion to cancel a notice of lis
pendens. The writ of mandamus is conditionally granted.

This action arises out of Taylor Investments, a
General Partnership v. David C. Berg and Mardean Berg, Professional Placement
Centre, Inc., and GMAC Mortgage Corporation, Trial Court Cause No.
22,511-B, which was filed in the 104th District Court in Taylor County.  Taylor Investments has sued the defendants
for the conversion and fraudulent transfers of at least $500,000 and for breach
of a fiduciary duty.  Taylor Investments
seeks various forms of relief including a constructive trust on land owned by the
Bergs in Ovalo, Texas, and a declaration concerning the priority of liens
attached to the property.  In conjunction
with its suit, Taylor Investments filed a notice of lis pendens on the real
property owned by the Bergs.








GMAC contends that lis pendens is not authorized
in this fact situation and cites Flores v. Haberman, 915 S.W.2d 477
(Tex. 1995)(orig. proceeding), to support its position.  We agree.

Tex. Prop.
Code Ann. ' 12.007
(Vernon 2004) provides that a party seeking affirmative relief may file a
notice of lis pendens in an action involving the title to real property, the
establishment of interest in real property, or the enforcement of an
encumbrance against real property.  The Flores
court conditionally granted a writ of mandamus directing the trial court to
cancel the notices of lis pendens and held that the creation of a constructive
trust was Aa
collateral interest in the property@
and that lis pendens was not proper.  Flores,
915 S.W.2d at 478.  In determining
whether lis pendens is available under Section 12.007 and Flores, the
appellate court examines whether there is an adequate nexus between the claim
against the owner of the property and the property in question.  In re Fitzmaurice, 141 S.W.3d 802
(Tex. App.CBeaumont
2004, orig. proceeding); In re Wolf, 65 S.W.3d 804 (Tex. App.CBeaumont 2002, orig. proceeding).  If there is no adequate nexus, the claim is
collateral, and lis pendens is not available. 
Flores, 915 S.W.2d at 478; In re Fitzmaurice, 141 S.W.3d
at 805; In re Wolf, 65 S.W.3d at 806.

The gist of the underlying suit is Taylor
Investments=s
allegations that Mardean Berg inappropriately used its funds to make not only
mortgage payments but also improvements on two pieces of real property,
including the tract located in Ovalo.  In
its petition, GMAC argues that this is a collateral interest on the property to
prevent unjust enrichment in favor of the Bergs.  In its response, Taylor Investments contends
that it is seeking to establish an equitable interest in the property and that
the Bergs cannot have title in the property in question because that property
was acquired with stolen funds.








We disagree with Taylor Investments=s characterization of the nature of the
claim.  In its pleadings, Taylor
Investments clearly asserts a collateral claim on the property in question by
seeking actual damages, exemplary damages, and a superior lien in the form of a
constructive trust on the property due to Mardean Berg=s
alleged conversion of Taylor Investments=s
funds which she and her husband then invested in the property in question.  Taylor Investments=s
claim is not an action involving the title to real property, the establishment
of interest in real property, or the enforcement of an encumbrance against real
property within the meaning of Section 12.007; therefore, lis pendens is not
appropriate.  Section 12.007; Flores,
915 S.W.2d at 478; In re Fitzmaurice, 141 S.W.3d at 805; In re Wolf,
65 S.W.3d at 806.  We sustain GMAC=s issues that the trial court abused
its discretion by denying the motion to cancel the notice of lis pendens.  

The writ is conditionally granted.  In the event that the trial court does not
rescind its September 26, 2005, order denying the motion to cancel Taylor
Investments=s notice
of lis pendens on the property owned by Mardean and David C. Berg located in
Ovalo, Texas, and issue an order granting the motion to cancel the notice of
lis pendens, then writ of mandamus shall issue.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 16, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.