NO. 04-15-00362-CV

| | | |
|---|---|---|
| JAVAN SMITH,<br>Appellant. | § | IN THE COURT OF APPEALS |
| | § | |
| | § | |
| —versus— | § | FOR THE FOURTH DISTRICT |
| | § | |
| DC CIVIL CONSTRUCTION, LLC, | § | |
| Appellee. | § | SAN ANTONIO, TEXAS |



## RESPONSE TO APPELLEE'S AND COURT REPORTER'S CONTEST OF AFFIDAVIT OF INDIGENCY

TO THE HONORABLE FOURTH COURT OF APPEALS:

COMES the Defendant/ Appellant, Pro Se, in the above styled case, and respectfully submits this response to attorney Robert N. Ray's objections to the Appellants Affidavit of Indigence, file on behalf of his clients, DC CIVIL CONSTRUCTION, LLC, and Court Reporter KAY COUNSELLOR and states:

### JURISDICTION

1. Appellant continues to object to the Courts subject matter jurisdiction in that a forcible detainer action cannot be commenced by the appellee, prior to the alleged landlord giving adequate notice of eviction to the alleged tenant.

2. The Court lacks jurisdiction in this matter in that:

    a. There is no lease or rental agreement, between DC CIVIL CONSTRUCTION, LLC,, and JAVAN SMITH,

b. There is evidence on the record, that DC CIVIL CONSTRUCTION may have purchased a Deed of Trust, extinguishing an alleged lenders first mortgage priority interest in the property in question.

c. Said purchase of Deed of trust is subject to, and inferior to the Appellants properly filed and recorded Lis Pendens.

SEE:

*Long Beach Mortgage Company v. Evans, 284 S.W.3d 406 (Tex.App.-Dallas 2009, pet.pending*

*" Evans filed this suit in state court to resolve the competing claims between the Lis Pendens and the deed of trust lien. The trial court held that the lis pendens was superior to the deed of trust. "*

d. There is no evidence submitted on the record to indicate that the appellant is in violation of any lease or purchase contract prior to the alleged foreclosure sale.

e. There is no evidence on the record to suggest that DC CIVIL CONSTRUCTION has assumed any contract prior to their alleged purchase of said deed of trust.

3. Section 24.005 of the Texas property code specifically states:

(b) If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. *If a building is purchased at a* tax foreclosure sale or a *trustee's foreclosure sale under a lien superior to the tenant's* lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, *the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease.* The tenant is considered to timely pay the rent under this subsection if, during the month of the foreclosure sale, the tenant pays the rent for that month to the landlord before receiving any notice that a foreclosure sale is scheduled during the month or pays the rent for that month to the foreclosing lienholder or the purchaser at foreclosure not later than the fifth day after the date of receipt of a written notice of the name and address of the purchaser that requests payment. Before a foreclosure sale, a foreclosing lienholder may give written notice to a tenant stating that a foreclosure notice has been given to the landlord or owner of the property and specifying the date of the foreclosure.

## JURISDICTIONAL SUMMARY

The Justice Court, and subsequently, the county statutory appellate court, both lack jurisdiction in this matter in that:

There is no landlord/tenant relationship between the parties.

There is no notice of eviction that is legally sufficient to allow DC CIVIL CONSTRUCTION, LLC to commence a forcible detainer action.

DC CIVIL CONSTRUCTION, LLC received both constructive and actual notice of the Appellants properly filed and recorded Lis Pendens, PRIOR to obtaining their alleged deed of trust, and said deed of trust is inferior to the appellants claim to possession and ownership of the property.

## APPELLANTS OBJECTIONS

Appellant OBJECTS as follows, to:

4. An apparent secret agreement, between Attorney Robert N. Ray and Court Recorder Kay Counsellor, involving representation of both the Appellee and the Court Recorder, an obvious conflict of interest, that compromises the Court's impartiality in this case.

   Appellant requests the Court TAKE NOTICE, that Court Recorder Kay Counsellor has not filed a timely objection to the affidavit of indigence, and that there must be an attorney- client relationship between Robert N Ray and Kay Counsellor, in order for him to represent her interest in this case.

5. The Appellant filed his Notice of Appeal, Request for Records Transmission, and Affidavit of Indigence, with the 4th Appellate court on June `5th, 2015.

On that SAME DAY, Appellant HAND Delivered to the County Court Clerk and the Court Recorder, and exact copy of all three documents.

6. Appellant request the court TAKE NOTICE that in addition to the timely filing of the affidavit of indigence, the request for records transmission also states that the affidavit of indigence had been filed.

7. Appellant requests the court take notice that:

   a. No notice of counsel has been filed on the record by Robert n. ray stating he is representing Kay Counsellor.

   b. That an objection to the affidavit of indigence by the court recorder is not in evidence on the record.

8. Appellant objects to the timeliness of the objection to the affidavit of indigence in that:

   a. It was accepted by the 4th court of appeals as sufficient, and filing fees were waved.

   b. That upon inquiry, the 4th appellate court confirmed to judge Jason Wolf, that the appellants appeal was properly and timely filed.

C. That the Fourth Appellate Court has not served appellant with notice to correct any alleged deficiency in the affidavit of indigence in accordance with Tex. R. of App Proc. Rule 20.1 ( c) (3).

9. Appellant objects to the hearing for contest of affidavit of indigence, in that:

a. The appellate and trial court clerks fail in their duty to promptly serve parties with a copy of the affidavit of indigence, as required in Tex. R. App. Proc. Rule 20.1 (d) (1) and (2)

b. That the parties received actual notice of the affidavit of indigence on June 15, 2015, and did not timely file an objection in accordance with Tex. R. of App. Proc. rule 20.1 (e)

## PLAINTIFF/APPELLEES PATTERN OF MISCONDUCT

Defendant Appellant requests the court take notice that no motion to withdraw has been filed by Antonio Pedraza, and that there is no notice of substitution of counsel filed by Robert N Ray, therefore, it appears that both attorneys collaborate, and are aware of and approve of the others actions as a collaborative effort.

Defendant/appellant continues to complain to the court the following:

10 That on June, 04, 2015, Defendant, a plaintiff in another case related to the property in question in this case, appeared for a hearing in Cause No. 384445 in the County Court at Law No. 10 which was filed on March 04, 2013, and that Daniel Campo, of DC CIVIL CONTRUCTION, LLC also appeared, with his attorney Antonio Pedraza.

11. At an impromptu hearing on June 4th, before Judge Rodriguez, Antonio Pedraza, and his client Daniel Campo were informed that the Defendant, Javan smith had posted a $10,000 deposit in lieu of bond to supersede the judgment in this case.

12. That shortly thereafter, Daniel Campo began using expletives, making threats, and acting in an aggressive manner towards Javan Smith, in an effort to alarm, intimidate, hinder, and delay Javan Smiths, attendance and testimony in cause no 384445, so much so, that the bailiffs for both County Courts were sufficiently concerned for the safety of the judges, as to evict Daniel Campo from the premises, and the hearing was postponed.

13. On June 12, 2015, a hearing was held, on a motion to dismiss this suit filed by the appellant. Immediately following this hearing was an off the record hearing, at which time Robert N Ray requested that judge Rodriguez issue a Writ of Possession, despite the courts order granting Supersedeas. This was denied.

14. On June 12th, immediately after having his request for the writ of possession be issued, informed Judge Rodriguez he would seek issuance of the writ of possession in spite of the denial by Judge Rodriguez, and the courts ORDER superseding the final order in this case.

15. Apparently, on June 26th, 2015, at an ex parte hearing with Judge Martha Tanner, for which no record was made, Robert n Ray, mislead Visiting Judge Martha Tanner, and drafted his own "work order" directing the Court clerk to issue the writ of possession, contrary to the courts order.

16. On July 2nd, 2015, Judge Jason Wolf, granted Appellants ex parte extraordinary motion for stay of the writ of possession after inquiry into the status of the appeal, of which Robert N ray was given notice of immediately thereafter in accordance with the directions of Judge Wolfe.

17. This Case was initially filed by DC Civil Construction, LLC through their attorney Antonio Pedraza.

18. The original complaint for forcible detainer was filed in bad faith, and DC CIVIL Construction, LLC, and their attorney had full knowledge of the Lis Pendens, filed on this property. The original complaint was filed in bad faith, because:

a. Tex. Pr. Code section 12.008 specifically states that a party interested in this property must first petition the court to cancel the Lis Pendens, and post

a cash or undertaking in an amount to adequately protect the plaintiff, javan smith, in that case.

b. DC Civil Construction, LLC and their attorney were fully aware that appellant was not a tenant, but was a purchaser with equity in the property.

c. Appellants equity interest in this property can only be secured in the following ways:

(1) continued possession and control of the property

(2) the deposit or undertaking as determined by the court having jurisdiction.

d. DC civil Construction, LLC, and their attorneys have a conspired to defraud the appellant of his property, or adequate security thereof, by filing a forcible detainer action, and refusing to abide by the courts orders made in it, through a pattern of deception, under color of law, abuse of their positions as court officers, to avoid paying a deposit or undertaking to the court.

19. Attorney Robert Ray continues to file frivolous and groundless motions and objections in an effort to hinder and delay the appellate process of this case, apparently, his purpose is to derail the appellate process so his client can gain possession of the property, and deny appellant due process.

This is evident in this pleading, as he refuses to acknowledge this court's orders, both the Supersedeas deposit, and judge wolf's order to STAY pending appeal in section "I" he states that appellant deposited $10,000.00 in an ATTEMPT to supersede the final order.

Appellant requests the Court TAKE NOTICE that the record shows that the cashier's check for 10,000.00 was from the account of Dorothy A. Montgomery, and is a loan for the purpose of this supersedeas bond.

20. DC Civil Construction attempts to thwart the authority of the Court having jurisdiction, by attempting to gain possession of the property without providing adequate security to the appellant, as required by law in the aforementioned Lis Pendens.

## SUMMARY

Defendant/appellants Affidavit of indigence was timely filed, and served upon the Court Clerk, The Court Recorder, and the plaintiff's attorney, on June 15th, 2015.

The 4th appellate court accepted and acknowledged it, and did not give appellant any notice of deficiency to correct it.

Appellee and Court Recorders objection to the Affidavit of indigence is untimely, in that they were required to file their objection within 10 days of actual notice. The time to object has been exceeded by more than 150 days.

## APPELLANTS FINANCIAL CIRCUMSTANCES

Appellant states the following in regards to his financial Circumstances:

20. Appellant is a 100% rated permanent and total disabled veteran, who receives compensation from the Department of Veterans Affairs and Social security disability, both of which are not attachable, either directly or indirectly in this matter.

21. A detailed review of appellants finances will show a negative net worth in excess of 2,000,000.00 ( two million ) dollars.

Respondent requests the Court review invoices for which the appellant is liable to pay as, filed on cause number 200CI 00854 in the 166th district court.

22. Appellant alleges that the requirement to post cash or bonds in this case is unconscionable, because the appellee is required to post a substantial amount of cash or undertaking in the above mentioned Lis Pendens.

23. Appellant states that the requirement for these bonds has caused significant economic harm to the appellant.

## RESERVATIONS

24. Appellant Specifically, and generally reserves right to pursue action in appropriate state or federal jurisdiction in matters related to this case in which the federal district court have extraterritorial or original jurisdiction thereof.

Specifically including, but not limited to:

a. Any acts by The Appellees and/ or their Attorneys that may amount to violation of 18 USC sec. 1512, for which the united stated district courts have extraterritorial jurisdiction over in accordance with 18 USC 1512 (h)

b. Any Acts affecting the appellants business or property that may be violations of 18 USC Sec 1962 et seq., for which there is no adequate state remedy.

## RELIEF REQUESTED

Appellant requests the following findings of fact, and for relief:

24. That the Court finds that this Objection to the Affidavit of indigence is untimely, and it's contents to be deemed true, in accordance with Tex R. of App. Proc. 20.1 (f)

25. That the Court find that the Ex Parte communication with judge Tanner on or about June 26th, 2015, resulting in a Writ of Possession to be issued, contrary to this Courts orders, resulted in prejudice and harm to the Appellant.

26. That the Court find that the Representation of the Court Recorder Kay Counsellor, By Robert N Ray, amounts to an ex parte communication with the Court, and a conflict of interest that sufficiently prejudices the case against the Appellant.

27. That the Court find that the deposits made to date, have caused the appellant economic harm, and the Court MUST reduce the amount of the deposit to 50% or less of the appellants current net worth, while still superseding the Final Order of this Court, in accordance with Tex. R. of App. Proc. 24.2 (f).

28. That the Court find that the issues relating to title and possession of the property are sufficiently intertwined, such that it deprives the court of jurisdiction.

29, For an ORDER the court clerk to issue a check in the amount of 11,200.00 to the appellant, for return of his deposit.

30 For an ORDER directing DC Civil Construction, LLC and it's attorneys, to pay the appellants reasonable costs, fees, and expenses, to

the appellant.

31. For an ORDER barring a hearing on this untimely objection to the affidavit of indigence.

32. For an ORDER dismissing the underlying suit with prejudice but NOT the appeal associated with it.

33 . And for such other relief as the court may find appropriate.

Respectfully Submitted,

_____/_____

Javan P. Smith, Pro Se,

8806 Shoshoni Trl

San Antonio, TX, 78255

210-204-6594

sartproductions@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on November 19, 2015, a true and correct copy of the above and foregoing RESPONSE TO APPELLEE'S AND COURT REPORTER'S CONTEST OF AFFIDAVIT OF INDIGENCY was DELIVERED BY HAND to Attorney of Record for Plaintiff/ Appellee DC CIVIL CONSTRUCTION, Robert N. Ray of 7272 Wurzbach Road, Suite 1401, San Antonio Texas 78240, in The Bexar County Courthouse.

Javan Smith, Pro Se Defendant/ Appellant
8806 Shoshoni Trl
San Antonio, TX, 78255
210-204-6594
sartproductions@yahoo.com