# IN THE SUPREME COURT OF TEXAS

═══════════════
No. 15-0847
═══════════════

RON SOMMERS, AS CHAPTER 7 TRUSTEE FOR ALABAMA AND DUNLAVY, LTD., FLAT STONE II, LTD., AND FLAT STONE, LTD., AND AS SUCCESSOR IN INTEREST TO JAY COHEN, INDIVIDUALLY AND AS TRUSTEE OF THE JHC TRUSTS I AND II, PETITIONER,

v.

SANDCASTLE HOMES, INC., RESPONDENT

*-consolidated with-*

═══════════════
No. 15-0848
═══════════════

RON SOMMERS, AS CHAPTER 7 TRUSTEE FOR ALABAMA AND DUNLAVY, LTD., FLAT STONE II, LTD., AND FLAT STONE, LTD., AND AS SUCCESSOR IN INTEREST TO JAY COHEN, INDIVIDUALLY AND AS TRUSTEE OF THE JHC TRUSTS I AND II, PETITIONER,

v.

NEWBISS PROPERTY, LP, RESPONDENT

═══════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
═══════════════════════════════════════════

JUSTICE LEHRMANN, concurring in part and dissenting in part.

Time and time again, this Court has emphasized that statutes must be construed in context and that every word must be given effect. In this case, we read the specific provision at issue, which outlines the effect of a recorded order expunging a notice of lis pendens, in the context of

the overall statutory scheme governing lis-pendens notices and bona-fide real-property purchasers. Under this approach, I believe the only reasonable interpretation is that all subsequent purchasers may rely equally on the expunction order, regardless of how they learned of the underlying lis-pendens action. In holding that the order has no effect on purchasers who initially learned about the action from a source other than the lis-pendens notice itself, the Court reads a specific provision in isolation—missing the forest for the trees—and in doing so undercuts stalwart principles of statutory interpretation. Accordingly, I must respectfully express my dissent.

## I. Background

Sommers' predecessor in interest, Jay Cohen, filed suit alleging fraudulent transfers of real property. Cohen recorded a notice of lis pendens relating to that suit, but the trial court ordered the notice expunged on the ground that Cohen "failed to establish by a preponderance of the evidence the probable validity of a real property claim." Sandcastle Homes, Inc. and NewBiss Property, LP (the Buyers) each purchased a parcel of the property that was the subject of the fraudulent-transfer suit, and Cohen sought to set aside those conveyances. The issue here is the effect, if any, of the trial court's recorded expunction order on the Buyers' bona-fide purchaser status. The Buyers argue the expunction order eliminates all notice of the suit and renders them bona-fide purchasers, while Sommers argues the order had no effect on the Buyers' notice of the suit obtained independently of the lis-pendens notice itself, and that the Buyers therefore took the property subject to the suit's outcome.

2

## II. Discussion

### A. Effect of Recorded Expunction Order on Subsequent Purchasers

A properly recorded notice of lis pendens constitutes "notice to the world," including subsequent purchasers, that an action is pending "involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." TEX. PROP. CODE §§ 13.004(a), 12.007(a). But a recorded court order expunging the lis-pendens notice also impacts subsequent purchasers:

> After a certified copy of an order expunging a notice of lis pendens has been recorded, the notice of lis pendens and any information derived from the notice:
>
> > (1) does not:
> >
> > > (A) constitute constructive or actual notice of any matter contained in the notice or of any matter relating to the proceeding;
> > >
> > > (B) create any duty of inquiry in a person with respect to the property described in the notice; or
> > >
> > > (C) affect the validity of a conveyance to a purchaser for value or of a mortgage to a lender for value; and
> >
> > (2) is not enforceable against a purchaser or lender described by Subdivision (1)(C), regardless of whether the purchaser or lender knew of the lis pendens action.

TEX. PROP. CODE § 12.0071(f).[1] Noting that the "extent" of the expunction statute's protection of subsequent purchasers "is expressly limited to 'the notice of lis pendens' and 'any information derived from the notice,'" the Court holds that a recorded expunction order has no effect on subsequent purchasers who learned of the underlying action independently of the lis-pendens notice. *Ante* at ___. This means that such purchasers take the property subject to the outcome of

---

[1] As the Court notes, section 12.0071 has been amended, but the amended version is effective September 1, 2017, and is thus inapplicable to this case. *Ante* at ___.

the claims being litigated, while purchasers who learned of the exact same litigation via the notice of lis pendens (either constructively or by reading the notice) take the property free and clear of the claimant's interest. In effect, a purchaser's ability to rely on the expunction order depends on the source of the purchaser's notice of the underlying suit.

The Court reaches this decision by reading the phrase "information derived from the notice [of lis pendens]" in subsection (f) to encompass only the actual contents of the notice itself. In my view, this interpretation fails to give full effect to subsection (f)'s language and the surrounding statutory context. As discussed below, I would read the provision more broadly than the Court to generally encompass information about the underlying lis-pendens action. I believe this is the only reasonable construction of the statute when read as a whole. *See City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 641 (Tex. 2013) ("We examine statutes as a whole to contextually give meaning to every provision.").

First, the specific language of subsection (f) supports this construction. The statute provides that "[a]fter [an expunction order] has been recorded, the notice of lis pendens and any information derived from the notice . . . is not enforceable against a purchaser . . . *regardless of whether the purchaser . . . knew of the lis pendens action*." TEX. PROP. CODE § 12.0071(f)(2) (emphasis added). This language indicates that the source of the purchaser's knowledge—whether actual or constructive, and whether from the lis-pendens notice or some other point of origin—is immaterial. Moreover, "information about the underlying lawsuit" and "information derived from the lis-pendens notice" are essentially synonymous phrases, as the entire point of a lis-pendens notice is to tell the world about the lawsuit. *Id.* §§ 12.007(a), 13.004(a). Subsection (f) therefore has broader impact than the Court allows.

4

Moreover, considering subsection (f) in the context of the overall legislative framework governing bona-fide purchasers cements this interpretation. Under the codified bona-fide purchaser doctrine, an instrument reflecting a property conveyance or interest will not cloud the title of a subsequent purchaser, so long as the purchaser pays valuable consideration and lacks actual and constructive notice of the instrument. *Id.* § 13.001. All persons have constructive notice of instruments that are "properly recorded in the proper county." *Id.* § 13.002. These statutes place purchasers with constructive notice of a property interest on even footing with those who have actual notice; that is, the recorded instrument will cloud their respective titles equally.

In turn, a notice of lis pendens qualifies as an instrument reflecting a property interest, and recording it in the proper county "constructively notif[ies] anyone taking an interest in real property that a claim is being litigated against the property." *Long Beach Mortg. Co. v. Evans*, 284 S.W.3d 406, 414 (Tex. App.—Dallas 2009, pet. denied). Thus, a properly recorded lis-pendens notice places prospective buyers who don't actually know about the pending action in the same position as those who do: both will acquire their interest in the property subject to the claims being litigated. *World Sav. Bank, F.S.B. v. Gantt*, 246 S.W.3d 299, 303 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also* TEX. PROP. CODE § 13.004(b) ("A transfer or encumbrance of real property involved in a proceeding . . . to a third party who has paid a valuable consideration and who does not have actual or constructive notice of the proceeding is effective . . . unless a notice of the pendency of the proceeding has been recorded . . . in each county in which the property is located."). Again, actual notice and constructive notice have the same legal consequences.

By providing a mechanism for constructive notice of an action involving real property, the Property Code protects the claimant's alleged rights in the disputed property. *Collins v. Tex. Mall, L.P.*, 297 S.W.3d 409, 418 (Tex. App.—Fort Worth 2009, no pet.). But as the court of appeals in this case recognized, these provisions can also serve to encumber property for lengthy periods of time, irrespective of the merits of the underlying claim. 469 S.W.3d 179, 182 (Tex. App.— Houston [1st Dist.] 2015) (citing Herbert A. Janzen, *Texas Statutory Notice of Lis Pendens: A Deprivation of Property Interest without Due Process?*, 19 ST. MARY'S L.J. 377, 385 (1987)). Accordingly, the Property Code also provides a procedure by which another party to the action may seek to have the notice of lis pendens "expunged," that is, "erase[d] or destroy[ed]." TEX. PROP. CODE § 12.0071; *Expunge*, BLACK'S LAW DICTIONARY (10th ed. 2014). As is relevant here, the statute requires the trial court to order a lis-pendens notice expunged if "the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim." TEX. PROP. CODE § 12.0071(c)(2).[2] The claimant must therefore satisfy a threshold evidentiary showing on the merits of its real-property claim to continue to encumber the property during the pendency of the underlying suit. If the claimant cannot do so and an expunction order is entered and recorded, subsection (f) ensures that neither the notice of lis pendens nor the "information derived from the notice"—that is, the suit itself—is enforceable against a subsequent purchaser for value. *Id.* § 12.0071(f).

---

[2] The trial court must also order the lis-pendens notice expunged if the court determines that "the pleading on which the notice is based does not contain a real property claim" or that "the person who filed the notice for record did not serve a copy of the notice on each party [statutorily] entitled to a copy." TEX. PROP. CODE § 12.0071(c)(1), (3).

In this way, the Legislature provided a method to remove the cloud on title created by the lis-pendens notice and the underlying lawsuit when that suit lacks merit. But even though all persons have notice of a recorded expunction order, the Court holds that not all persons may rely on it. Instead, some subsequent purchasers will still take the property subject to the outcome of the suit, but others will not, depending on how they first learned about the action. So although a recorded lis-pendens notice places subsequent purchasers on equal footing, a recorded expunction order does the opposite, and only those who learned of the suit via the notice may rely on the order. I see no logical basis for this distinction and cannot conclude that the Legislature intended such disparate treatment.

Instead, I agree with the following apt explanation proffered by the court of appeals:

> The statutory provisions providing for expungement of lis pendens notices—the aim of which is to curtail burdening of real property pretrial, for lengthy periods, without evidentiary support—would be of little use if every case necessitated inquiry into, and turned on, whether a purchaser physically read the lis pendens or was told about the lis pendens or the underlying lawsuit by another person. Read as a whole, the lis pendens and expungement scheme is designed to differentiate cases in which the proponent of the notice of lis pendens can demonstrate a probable right of recovery on an underlying real-property claim from cases in which the proponent cannot; nothing indicates that the legislature intended the determination of whether title to a property is encumbered to turn instead on whether each potential buyer learns of an underlying claim that is the subject of a lis pendens notice by literally reading the notice or by some other means.

469 S.W.3d at 185. The court's reasoning is sound and demonstrates the importance of reading statutes contextually.

In sum, the lis-pendens statute protects a claimant's rights in the disputed property against subsequent purchasers, regardless of whether they have actual knowledge of the underlying suit. But a recorded expunction order renders the lis-pendens notice and underlying action unenforceable with respect to a subsequent bona-fide purchaser for value "regardless of whether

7

the purchaser . . . knew of the lis pendens action." TEX. PROP. CODE § 12.0071(f)(2). I would hold that, however a subsequent purchaser acquires knowledge (actual or constructive) of the underlying lis-pendens action, he is entitled to rely on the expunction order. That is, I would hold that the source of the purchaser's knowledge of the lis-pendens action is irrelevant to his bona-fide purchaser status.[3]

## B. Timing of the Expunction Order

In light of my interpretation of the expunction statute, I would hold that NewBiss's purchase of Tract II is not burdened by Sommers' litigation. However, I cannot say the same about Sandcastle's purchase of Tract I. As the Court notes, the court of appeals stayed the trial court's expunction order while it considered a request for mandamus relief. *Ante* at ___. The stay was filed in the real property records, and Sandcastle acquired Tract I while that stay was in effect. In evaluating notice and bona-fide purchaser status, one must look at the state of the property records at the time of purchase. *See* TEX. PROP. CODE § 13.001(a) (describing the effect of recorded instruments on "a subsequent purchaser"). Because the expunction order had been stayed when Sandcastle purchased Tract I, he cannot have relied on that order. Accordingly, I agree with the Court that Sandcastle's title to Tract I is subject to the outcome of the suit.

## III. Conclusion

I agree with the court of appeals' interpretation of the expunction statute and would affirm its judgment as to NewBiss. However, because I conclude Sandcastle may not rely on an

---

[3] Under the amended version of section 12.0071(f), there is no doubt that a recorded expunction order applies to subsequent purchasers regardless of how they learned of the underlying lis-pendens action. *See* Act of May 9, 2017, 85th Leg., R.S., S.B. 1955, § 1 (to be codified as an amendment to TEX. PROP. CODE § 12.0071(f)) (amending section 12.0071(f) to state, in part, that after an expunction order has been recorded, "an interest in the real property may be transferred or encumbered free of all matters asserted or disclosed in the notice and all claims or other matters asserted or disclosed in the action in connection with which the notice was filed").

expunction order that was stayed when Sandcastle purchased Tract I, I agree with the Court that the court of appeals' judgment should be reversed as to Sandcastle. Accordingly, I concur in the Court's judgment in part and otherwise respectfully dissent.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** June 16, 2017